371 A.2d 981

COMMONWEALTH of Pennsylvania

v.

William BLASH, Appellant.

Superior Court of Pennsylvania.

Submitted April 2, 1976.

Decided March 31, 1977.

572

Edward M. Kopanski, Philadelphia, for appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PRICE, Judge:

On September 8, 1975, appellant William Blash was tried on charges of rape [1] and indecent assault.[2]   A di-

1.   18 Pa.C.S. § 3121.
2.   18 Pa.C.S. § 3126.

rected verdict was entered to the rape charge, but appellant was convicted of indecent assault. We reverse.

■■■ At trial, the prosecution's main witnesses were Mrs. Rebecca Lewis and Mrs. Ruby Beaman, who were both employed at Byberry State Hospital in Philadelphia. Mrs. Lewis testified that while working in the hospital on May 10, 1975, she looked out a window which faced the hospital grounds and saw a man behind some bushes. The man was lying on his stomach and "moving up and down." Mrs. Lewis and Mrs. Beaman went outside to investigate. As they approached the scene, they saw appellant on top of a woman. Appellant stood up lifted the victim to her feet and straightened her dress by "pulling it down." He then began walking away. Mrs. Lewis called the victim who emerged from behind the bushes. She was wearing no underwear, her dress was wet, and a "milky white" liquid was running down the upper inside part of both of her legs. Mrs. Lewis sent her to retrieve her clothing and then took her indoors. Mrs. Beaman substantiated this testimony and added that she and another woman, Miss Wilkins, followed appellant after he left the scene. They abandoned pursuit after appellant turned around several times and shook his fists at them. The women returned to the hospital and reported the incident to their superiors. When appellant was arrested, he was dozing on a park bench not far from the scene.

Section 3126 of the Crimes Code provides that,

"[a] person who has indecent contact with another person not his spouse, or causes such other to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if:

(1) he knows that the contact is offensive to the other person;

(2) he knows that the other person suffers from a mental disease or defect which renders him or her incapable of appraising the nature of his or her conduct. . . ."

Appellant now contends that the evidence was insufficient to prove the elements of the crime charged beyond a reasonable doubt. Because the indictment on which appellant was convicted specifically charged him with indecent assault under section 3126(2), the Commonwealth was required to prove that (1) the victim suffered from a disease or defect which rendered her incapable of appraising the nature of her conduct and (2) that appellant had knowledge of this fact.[3]

At the beginning of trial, the assistant district attorney introduced, without objection, a psychiatric report prepared two days after the incident. The pertinent portion of the report provided as follows:

"The above named patient is a fifty-one year old woman who has been here since 1956. Her diagnosis is Schizophrenic, Chronic Undifferentiated Type.

In behavior the patient is child-like, saying the first thing that comes into her head, nursing her doll, irresponsible, headstrong, and crying like a baby if she is displeased. She is unable to concentrate and her thought processes are completely disorganized. This behavior is characteristic of the severe regressing process of a long time schizophrenic.

Because of the patient's regression, disorganized thinking and lack of judgment, she is totally incompetent to appear in Court and to testify. . . ."

In a colloquy with the trial judge, the parties agreed that the victim was "incompetent" at the time of the incident. Competency of a witness to testify encompasses several different factors including the ability to understand questions and communicate intelligent and truthful answers as well as the ability to observe and remember the

3. Appellant also argues that the evidence failed to prove indecent contact. Indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S. § 3101. The evidence clearly proved indecent contact, and, therefore, this contention is frivolous.

occurrence. *Commonwealth v. Ware,* 459 Pa. 334, 329 A.2d 258 (1974) ; *Commonwealth v. Chuck,* 227 Pa.Super.Ct. 612, 323 A.2d 123 (1974). Obviously, a person could be incompetent to testify at trial without being incapable of appraising the nature of her conduct as required by section 3126(2). On the other hand, it is arguable that, in using the phrase "incompetent at the time of the incident," the court was referring solely to the victim's ability to observe and understand the nature of the incident. Because of our disposition, we need not pursue this question. It is sufficient to point out that the stipulation could have been more carefully stated for the record.

■ To prove guilt under this statute, the Commonwealth must also prove that a defendant had knowledge of the victim's condition. In this case, knowledge requires evidence that appellant is "aware that . . . such circumstances exist. . . ." 18 Pa.C.S. § 302(b)(2)(i). There is no indication that the victim's acts or appearance distinguished her in any way from a visitor or employee. There was no testimony relating to her actions or statements before or after the incident. Moreover, the prosecution failed to show that appellant knew or ever met the victim although he had been hospitalized at Byberry on several occurrences.[4] It is true that the Commonwealth may sustain its burden by circumstantial evidence. *Commonwealth v. Richardson,* 238 Pa.Super. 410, 357 A.2d 671 (1976); *Commonwealth v. Adams,* 234 Pa.Super. 387, 338 A.2d 642 (1975). Furthermore, "[i]n determining whether the evidence was sufficient to support the verdict of guilty, we view the Commonwealth's evidence as true and recognize that the prosecution is entitled to all reasonable inferences therefrom." *Commonwealth v. Richardson, supra.* Assuming

4. Appellant was not a patient at the time of the incident. According to his testimony, appellant and another unidentified individual were visiting a mutual friend who was a patient on the day in question.

that the victim was, in fact, incapable of appraising the nature of her conduct, the only fact which supports a finding of knowledge is that the incident occurred on the state hospital grounds. To uphold this conviction would amount to a prohibited affirmance on the basis of mere surmise and conjecture. *Commonwealth v. Roscioli,* 454 Pa. 59, 309 A.2d 396 (1973).

The judgment of sentence is reversed, the conviction is vacated and appellant is ordered discharged.

WATKINS, President Judge, dissents.