418 A.2d 537

**COMMONWEALTH of Pennsylvania**

v.

**Rodney CARTER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Jan. 18, 1980.

Reargument Denied March 27, 1980.

Petition for Allowance of Appeal Denied Nov. 28, 1980.

R. Kerry Kalmbach, Assistant Public Defender, West Chester, for appellant.

Dolores Troiani, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before WIEAND, ROBINSON and LOUIK, JJ.*

LOUIK, Judge:

Appellant has appealed his conviction by a jury of Rape, 18 P.S. § 3121(4) and Indecent Assault § 3126(1). In his appeal, eight issues are presented to the court. However, the court finds one issue particularly troublesome and, therefore, directs its attention to the question of whether the Court's instructions were sufficient to support a verdict of guilty on charges of rape and indecent assault beyond a reasonable doubt.

Viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, as we must, *Commonwealth v. Sanabria,* 478 Pa. 22, 385 A.2d 1292 (1978), the following evidence was established at trial. Mary Finley was an in-patient at Pennhurst State School, an institution for the mentally retarded. The Appellant was an employee of the institution at the time of the incident, and he knew Ms.

---

* Judge DONALD E. WIEAND is sitting by special designation. President Judge OTTO P. ROBINSON of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania, is sitting by designation.

Finley was a patient. On the day in question, two security guards observed appellant and Ms. Finley in the act of sexual intercourse in the presence of Donald Simmons, also a patient at Pennhurst in the basement boiler room. Ms. Finley was "adjudged" incompetent to testify at the preliminary hearing based upon the testimony of a psychologist. At trial, she was determined to be competent to testify. A Dr. Kool also testified at trial that at the time of the incident, she was not capable of giving informed consent.

Appellant argues that under subsection (1) of 3126 and subsection (4) of 3121 it is part of the Commonwealth's burden to prove the defendant knew such a person is incapable of consent, and that the Commonwealth did not prove, even by circumstantial evidence that appellant had such knowledge.

The rape section and subsection of which the appellant was found guilty provides:

"A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse;

(4) who is so mentally deranged or deficient that such person is incapable of consent."

While the subsection of rape dealing with incompetents does not state that a person must "know" of victim's condition, it is nevertheless an element of proof in the Commonwealth's case to prove mens rea. Section 302 of the Crimes Code provides the intent required to establish culpability when it is not expressly stated in the particular section charged. Section 302(a) of the Crimes Code provides in part:

". . . a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense."

Further, section 302(c) of the Crimes Code provides:

"When the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto."

Of these three levels of intent, recklessness requires the least level of proof and is defined in 302(b)(3) as:

"(3) A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation."

A material element of a crime is defined at Section 103 as:

"An element that does not relate exclusively to the statute of limitations, jurisdiction, venue or to any other matter similarly unconnected with:

(1) the harm or evil incident to conduct, sought to be prevented by the law defining the offense; or

(2) the existence of a justification or excuse for such conduct."

It is axiomatic that the evil or harm sought to be prevented is not sexual intercourse, but sexual intercourse with a person incapable of consent.

Since § 3121 has no intent provision and since the victim's mental condition is a material element of the offense, the Commonwealth, under 302(c) must prove beyond a reasonable doubt that the defendant acted at least recklessly with regard to every material element of the section, including that the victim was so mentally deranged or deficient that she was incapable of consent.

This section is unlike § 3122, statutory rape, which also appears to have no language concerning intent with regard to the age of the victim within the section. However, statutory rape is distinguished by a separate section, § 3102, which specifically states that a reasonable belief that the victim was over fourteen years of age is no defense to the crime. Since § 3102 establishes that no intent must be proven in order to convict a defendant of statutory rape, § 302(c) is not applicable because § 3102 specifically provides

that a defendant can be convicted of statutory rape even if he reasonably believed the victim to be over fourteen years of age. Section 302(c) is applicable only when:

". . . the culpability sufficient to establish a material element of an offense is not proscribed by law . . ."

In contrast, there is no parallel section with regard to the mental deficiency of a victim in § 3121(4).

While the evidence presented by the Commonwealth did not rise to the level of showing that appellant had actual knowledge of Ms. Finley's condition, it does show circumstances which the jury could find to be known by him which created a substantial risk that she was of such mental infirmity as to render her incapable of consent. This is not a situation in which a man meets a woman under normal circumstances with no hint that the woman may be unable to consent, only to find later that she was in fact incompetent. The fact that appellant knew Ms. Finley was a patient at a hospital for mentally retarded persons and that he was an employee of the hospital is sufficient to put him on notice of the possibility that she was mentally infirm, making his act both a substantial and unjustifiable risk. In addition, by the appellant's account, Ms. Finley and her boyfriend approached appellant and told him that he could have sex with Ms. Finley for $2.00. This is further evidence that the circumstances surrounding the incident suggested the possibility that Ms. Finley was incapable of consent.

However, the trial court, by its charge, instructed the jury to find the defendant guilty if they found that Ms. Finley was not his spouse, that they had intercourse, and if she was incompetent at the time, without regard to any intent of the defendant concerning her incompetence. In its charge the court stated:

"On the second count, again, you have the same testimony bearing upon the act of intercourse and the fact that they were not spouses. You must then determine in the light of the instruction we have already given you whether or not Mary Finley was at the time the act took place so incompetent by reason of mental deficiency, mental de-

rangement or deficiency, as to be incapable, of giving consent, as we have undertaken to define that for you. If that occurred then Carter is guilty under the second count."

There is no mention here or anywhere in the charge that the jury must find beyond a reasonable doubt that the defendant acted at least recklessly with regard to her mental capacity. The jury was in effect instructed that appellant's intent was of no consequence to their finding. While the evidence is sufficient for a jury to find his act reckless, we certainly cannot presume that they would so find. In fact, in its opinion at pages 4–5, the trial court recognizes the need for proof of some level of intent by its own finding that the evidence was sufficient to establish "a reasonable inference that the defendant knew of the circumstances of Ms. Finley's mental condition." It may be that this inference can be drawn. However, it is the role of the fact finder to draw inferences from the evidence, and the court's charge did not permit the jury to deliberate on defendant's intent. Since Ms. Finley's mental capacity was a material element of the crime charged, the instructions of the court are in error.

With regard to the indecent assault count of the indictment, appellant was charged with section 3126(1) which reads:

"A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if:

(1) He does so without the consent of the other person."

Again, the section and subsection are silent as to the culpability sufficient to establish the crime. As in the rape charge, § 302(c) and (3) requires that, at a minimum, recklessness be established before the evidence is sufficient for a guilty verdict. As this court found above, there was sufficient evidence presented for the jury to find a substantial and unjustifiable risk that Ms. Finley was incompetent. However, the trial court's charge is still silent in its instructions on intent regarding indecent assault.

546

Appellant contends that this case is ruled by *Common-wealth v. Blash*, 246 Pa.Super. 571, 371 A.2d 981, in which the Superior Court found the evidence to be insufficient support for a verdict of guilty of indecent assault. In that case, the charge was under subsection (2) which specifically requires knowledge in this language:

"(2) He knows that the other person suffers from a mental disease or defect which renders him or her incapable of appraising the nature of his or her conduct."

While the evidence presented in that case was very similar to the evidence in the present case, the Superior Court there specifically relied on the language in subsection (2) which requires that a person *knows* of the victim's mental condition. In the present case, appellant was not charged with subsection (2) but with subsection (1) and for the reasons above, the proper element of intent is not "knowing" but at least recklessness under § 302.

The question arises whether the error in the court's charge is properly before this court. Defense counsel submitted points for charge which included the instruction that the jury must be satisfied beyond a reasonable doubt that defendant knew of Ms. Finley's incapacity which was denied. (Points #20). Counsel objected to the denial before the charge and excepted to the court's failure to include it after the charge. (P. 526). The issue was raised by way of post trial motion at paragraph 3(s) and was presented as an issue on appeal to this court. The question becomes whether counsel's claim that the Commonwealth must prove defendant's knowledge properly preserves the issue of whether any criminal intent concerning her competence must be proven.

 In order for any issue to be preserved for appeal, it must be specifically objected to and presented in post-trial argument. *Commonwealth v. Twiggs*, 485 Pa. 481, 486, 402 A.2d 1374, 1377 (1979). However, with an issue as important as criminal intent which is a material element of the crime, it is sufficient that counsel alerted the court to existence of the issue. *Commonwealth v. Mulgrew*, 475 Pa. 271, 380 A.2d 349. In that case, defense counsel requested in a point for

charge that the jury be instructed the consequences if the defendant would be found not guilty by reason by insanity. While the defendant did have such a right, the point for charge misstated the law. The Supreme Court held:

"We believe that the requested point for charge, although erroneous, '[sufficiently] alert[ed] the trial judge to an important issue in the case.' *Commonwealth v. Sisak*, 436 Pa. 262, 270, n. 5, 259 A.2d 428, 432, n. 5 (1969). Therefore, merits of the issue are properly before this court for appellate review." 380 A.2d 351.

In the present case, counsel, while misstating the level of intent which the Commonwealth was required to prove, did alert the court of the need to prove culpability under § 302. Therefore, this issue was preserved and is properly before the court.

Therefore, for all of the above reasons, the judgment of sentence must be reversed and a new trial granted.

This decision was reached following the death of ROBINSON, J.