421 A.2d 1231

**COMMONWEALTH of Pennsylvania**

v.

**Mark A. NAY, Appellant.**

Superior Court of Pennsylvania.

Argued June 19, 1979.

Filed Sept. 19, 1980.

228

Denis James Lawler, Philadelphia, for appellant.

Nancy Wasser, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA, * JJ.

PER CURIAM:

Appellant Mark A. Nay brings this appeal from a pre–trial order denying his motion to quash an Information on the grounds of double jeopardy. Specifically, we are asked, once again, to construe this State's Homicide by Vehicle Statute [1] and to determine the degree of culpability embraced by its provisions.

On April 3, 1978 appellant was involved in a two–car accident on Knights Road in Philadelphia in which his passenger Anthony Bronzini was killed. Testimony at the Municipal Court trial established that at approximately 7:30 p.m. on the day of the incident, one Ronald Kohl drove his car to Our Lady of Calvary Church, located on the southbound side of the 1100 block of Knights Road, in order to pick up his son. Mr. Kohl pulled his vehicle off to the right (southbound) portion of the road to wait for his son to come out of the church. When the boy got into the car, Mr. Kohl prepared to pull back onto the roadway, heading south. He activated his left turn signal, checked for oncoming traffic coming from behind, and slowly drove onto the road. Suddenly, he was struck by a car driven by appellant travelling at a high rate of speed in the southbound passing lane. Appellant's car continued to fishtail down the road until it struck a utility pole and burst into flames. Appellant's

_____

* President Judge FRANCIS J. CATANIA, of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

1. Act of June 17, 1976, P.L. 162, No. 81, 75 Pa.C.S.A. § 3732 provides:
   Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.

passenger Bronzini was killed instantly while appellant sustained injuries to his leg and head. He was charged with involuntary manslaughter, recklessly endangering another person, and homicide by vehicle [2] in the Municipal Court of Philadelphia County. Following trial, the judge on July 25, 1978 acquitted appellant of involuntary manslaughter, but convicted him of REAP and homicide by vehicle. Appellant filed his notice of appeal for a trial de novo in Common Pleas Court [3] and the District Attorney thereafter returned two Informations charging him with REAP and homicide by vehicle. Appellant then filed his motion to quash alleging: 1) that Sec. 3732 is unconstitutional because it imposes strict criminal liability without a requirement of mens rea; and 2) if the statute does require a degree of culpability, then the prior acquittal of involuntary manslaughter is a bar to a trial under § 3732 and REAP by virtue of collateral estoppel. The lower court, in two opinions, granted the motion as to REAP, finding the issue of recklessness now foreclosed, but denied the motion as to homicide by vehicle. Appellant then pursued this appeal, advancing the same arguments.[4]

■ Appellant's challenge to the constitutionality of § 3732 must be rejected in view of the Supreme Court's recent opinions upholding the statute. In *Commonwealth v. Burt,* 490 Pa. 173, 415 A.2d 89 (1980), the court found the section not void for vagueness and in *Commonwealth v.*

2. Crimes Code, 18 Pa.C.S.A. § 2504, 2705, and Vehicle Code, 75 Pa.C.S.A. § 3732, respectively.

3. Pa.R.Crim.P. 6006; Judicial Code, 42 Pa.C.S.A. § 1123.

4. Although a pre–trial order denying a motion to quash on the grounds of double jeopardy is immediately appealable by a defendant, *Commonwealth v. Bronson,* 482 Pa. 207, 393 A.2d 453 (1978); *Commonwealth v. Klinger,* 264 Pa.Super. 21, 398 A.2d 1036 (1978), the Commonwealth has requested us to quash this appeal contending that appellant is merely attempting a disguised attack upon the constitutionality of § 3732 and that a bona fide double jeopardy issue is not presented. We find we must deny the Commonwealth's motion. Since we decide that § 3732 does contain an element of scienter, we must also determine whether the acquittal of involuntary manslaughter negatives any element of scienter in § 3732. Thus, a question of collateral estoppel is presented, as more fully appears in our opinion.

*Field,* 490 Pa. 519, 417 A.2d 160 (1980) the court held that § 3732 does not impose criminal liability without fault, that is, it requires a showing of culpable conduct, and is therefore not unconstitutional. Compare, *Commonwealth v. Koczwara,* 397 Pa. 575, 155 A.2d 825 (1959).

■ The Court in *Field* did not have occasion to specifically determine the level of culpability embraced in § 3732 in order for criminal liability to attach thereunder.[5] However, in its final footnote, the Court opined:

> In our view it was the legislative judgment in enacting section 3732 to expand the scope of criminal liability for violations of the Vehicle Code causing death. Compare 18 Pa.C.S. § 2504 [involuntary manslaughter]; *Commonwealth v. Busler,* supra note 3 [445 Pa. 359, 284 A.2d 783 (1971)]; *Commonwealth v. Clowser,* 212 Pa.Super. 208, 239 A.2d 870 (1968).

The Court thus echoed the clear import of President Judge Cercone's lead Opinion of this Court in *Commonwealth v. Barone,* 276 Pa.Super. 282, 419 A.2d 457 (1980), alloc. den. 6/2/80, wherein it was stated: "[W]e ... hold that the legislature intended to select culpable negligence as defined in the Crimes Code, 18 Pa.C.S.A. § 302(b)(4) (1973) as its touchstone for punishment," under § 3732. At 276 Pa.Super. 282, 419 A.2d 457.[6] In explaining his rationale, Judge Cercone compared § 3732 to the involuntary manslaughter provision of the Crimes Code, 18 Pa.C.S.A. § 2504, and found the former is intended to embrace a lesser degree of culpability (i. e., negligence) not covered by § 2504:

**5.** Generally, "a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly, or negligently, as the law may require, with respect to each material element of the offense." Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1 (Crimes Code, 18 Pa.C.S.A. § 302(a)).

**6.** Judge Cercone's Opinion was joined only by Judge Cavanaugh. Judges Spaeth and Hoffman, in a separate opinion, argued that § 3732 creates strict criminal liability and, because of the heavy penalties imposed and the moral stigma attendant to a conviction therefore, found that the statute violates due process. The dissenting judges (Wieand, J., joined by Price and Hester, JJ.) contended that the statute imposes strict liability, without regard to intent, but is nonetheless constitutionally valid.

It is true that under the present involuntary manslaughter statute a negligent operator completely escapes any criminal punishment unless the violation which precipitated death was perpetrated "in a reckless or grossly negligent manner." Crimes Code, 18 Pa.C.S. § 2504 (1973). We suggest that the legislature intended to fill this void not by punishing every death causing violation, but rather only intended to reach those violations in which there has been a "gross deviation" from the required standard of care. See Crimes Code, 18 Pa.C.S. § 302(b)(4) (1973). In passing this statute, we do not discern that the legislature abandoned its heretofore sensitive approach to the law of homicide generally. We read the subject provision as merely supplementing the already existing law as relates to deaths caused by Motor Vehicle Code violations. Thus, this provision being within this general conceptual framework, it continues to recognize that Motor Vehicle Code violations may involve differing species of culpability. For example, it is more aggravating to cause a death through an intentional violation rather than reckless, and worse to bring it through reckless violation than negligent violation. In the past, Pennsylvania law punished the former two, it did not punish the latter. The latter until now has been an innocent homicide. E. g., *Commonwealth v. Busler*, 445 Pa. 359, 361, 284 A.2d 783, 784 (1971); *Commonwealth v. Trainor*, 252 Pa.Super. 332, 381 A.2d 944 (1972). Accordingly . . . there was a need for a new offense governing deaths resulting from negligent violations of the rules of the road. This is that measure and we would so hold.

At 276 Pa.Super. 282, 419 A.2d 457; footnotes omitted.

Thus, by the Supreme Court's suggestion that § 3732 "expanded the scope of criminal liability" beyond that heretofore covered by § 2504, we conclude, as did President Judge Cercone, that § 3732 extends its reach to culpably negligent conduct of an actor causing death.

■ Having determined the proper level of mens rea contemplated by § 3732, it remains for us to decide whether appellant's acquittal of involuntary manslaughter in Municipal Court is to operate as a bar to his trial de novo for homicide by vehicle. If appellant is correct that a second trial is now precluded, then it must be found that the "acquittal . . . required a determination inconsistent with a fact which must be established for conviction of the second offense." Crimes Code, 18 Pa.C.S.A. § 110(2). "[O]nce a former prosecution necessarily establishes an ultimate fact in favor of a defendant, then a subsequent prosecution depending upon a contrary finding must be barred." *Commonwealth v. Klinger,* 264 Pa.Super. 21, 25, 398 A.2d 1036, 1038 (1979); cf. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Commonwealth v. Grazier,* 481 Pa. 622, 393 A.2d 335 (1978); *Commonwealth v. Peluso,* 481 Pa. 641, 393 A.2d 344 (1978).

■ By acquitting appellant of involuntary manslaughter, the Municipal Court necessarily found that appellant did not cause the death of the victim in a "reckless or grossly negligent manner," 18 Pa.C.S.A § 2504; *Commonwealth v. Trainor,* 252 Pa.Super. 332, 381 A.2d 944 (1977), and that appellant evidenced no "conscious disregard" for human life or indifference to consequences. 18 Pa.C.S.A. § 302(b)(3); *Commonwealth v. Busler,* 445 Pa. 359, 284 A.2d 783 (1971); *Commonwealth v. Agnew,* 263 Pa.Super. 424, 398 A.2d 209 (1979). Such a determination, however, did not necessarily foreclose the possibility that appellant may have negligently caused the death. The Crimes Code provides:

A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(4). The Model Penal Code Comments to this section distinguish negligence from acting "[intentionally], knowingly or recklessly in that [negligence] does not involve a state of awareness. It is the case where the actor creates inadvertently a risk of which he ought to be aware, considering its nature and degree, the nature and purpose of his conduct and the care that would be exercised by a reasonable person in his situation." MPC Comments, T.D. No. 4; Toll, Pa.Crimes Code Annotated, p. 66 (1974). Thus, while the recklessness of § 2704 involves "conscious risk creation", the negligence of § 3732 embraces no such element and is in fact divorced from the states of awareness of intent, knowledge, and recklessness.

The Crimes Code further makes clear that negligence is the lowest, requires the "least level of proof", of the four kinds of culpability. Cf. *Commonwealth v. Carter,* 274 Pa. Super. 538, 418 A.2d 537, (1980); 18 Pa.C.S.A. § 302. If, then, a criminal statute provides that negligence suffices for liability, then proof of intent, knowledge, or recklessness are sufficient under that statute *a fortiori.* § 302(e). It follows that if a lesser grade of culpability is negatived by the fact finder, then all greater levels are likewise foreclosed. The converse, however, is clearly not true. The absence of knowledge, for example, in an actor's conduct, will not always preclude a finding of recklessness or negligence, nor will the absence of recklessness necessarily preclude the presence of negligence. In short, where a lesser degree of culpability is required by a particular criminal statute, then a determination by the fact finder that a more serious grade is absent from the actor's conduct does not necessarily foreclose the possibility that a lesser grade is nonetheless present.

Since, then, the elements of the two levels of culpability are distinct, and the absence of the greater (recklessness) does not necessarily bar a finding of the lesser (negligence), we conclude that the acquittal of involuntary manslaughter does not require a determination inconsistent with a fact which must be established in the prosecution for homicide by vehicle.

The order of the court below refusing to quash the Information is accordingly affirmed and the case is remanded for trial.

HOFFMAN, J., files a concurring statement.

HOFFMAN, Judge, concurring:

I join the Court's opinion and wish to add that although we are bound by our Supreme Court's decision in *Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980), it is hoped that our Supreme Court will reconsider the issues raised in that case and clarify this difficult area of the law.