OPINION OF THE COURT
FISHER, Circuit Judge.
This case requires us to decide whether a crime with no mens rea requirement may reasonably be said to involve “moral turpitude.” We hold that the Board of Immigration Appeals, the agency charged with making that determination in the first instance, has not explained itself sufficiently for us to evaluate its reasoning. We will accordingly vacate the Board’s decision and remand for reconsideration and a fuller explanation.
I.
A.
Ghulam Mehboob is a lawful permanent resident who has lived in the United States since 1997. In 2001, he was convicted of misdemeanor indecent assault under Pennsylvania law, 18 Pa. Cons.Stat. § 3126, and sentenced to two years’ probation and a fine of $146. In September of 2004, the Department of Homeland Security initiated removal proceedings against him under 8 U.S.C. § 1227(a)(2)(A)(i), which provides for the deportation of aliens who commit crimes “involving moral turpi *560 tude.”[1] Immigration Judge Grace Sease determined that Mehboob was removable, and the Board of Immigration Appeals affirmed in an unpublished per curiam opinion. We have jurisdiction under 8 U.S.C. § 1252. Dia v. Ashcroft, 353 F.3d 228, 234 (3d Cir.2003).
II.
A.
When we assess the effects of prior convictions on an immigrant’s legal status under the INA, we do not consider the immigrant’s actual conduct; we look instead only to the statute of conviction and ascertain the least culpable conduct which could support a conviction under that statute. Partyka v. Attorney Gen., 417 F.3d 408, 411-12 (3d Cir.2005). When an immigrant is convicted under a statute with several divisible provisions, we consider only the provision or provisions under which he was convicted, see id. at 411; In re Ajami, 22 I. & N. Dec. 949, 950 (BIA 1999), and, if more than one provision is applicable, we identify the least culpable conduct that could support conviction under any of them. Partyka, 417 F.3d at 411. We look to state law to ascertain the elements of state crimes. Id.; Knapik v. Ashcroft, 384 F.3d 84, 88 (3d Cir.2004).
B.
Under current BIA caselaw as construed by controlling precedent in this Circuit, the set of crimes “involving moral turpitude” for purposed of the INA is determined with reference to the mens rea required for conviction, Partyka, 417 F.3d at 413 (citing In re Khourn, 21 I. & N. Dec. 1041, 1046 (BIA 1997); In re Flores, 17 I. & N. Dec. 225, 227 (BIA 1980), and the threshold condition for moral turpitude under § 1227 is a mens rea of at least recklessness; crimes requiring proof of negligence or lesser mens rea are not crimes of moral turpitude under the INA. Id. at 414-16.
C.
Under Pennsylvania law, a person is guilty of indecent assault if he or she “has indecent contact with the complainant or causes the complainant to have indecent contact with the person” and one of several triggering conditions is met, including, relevant to this case, that “the person does so without the complainant’s consent,” 18 Pa. Cons.Stat. § 3126(a)(1), or that “the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other,” id. § 3126(a)(8).[2] Indecent contact *561 is defined as “any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person.” Id. § 3101.
Mehboob’s conviction implicates the two subparagraphs of § 3126 noted above, (a)(1) and (a)(8). The element common to the two provisions, “indecent contact,” requires a mens rea of purpose, as is clear from the definition quoted above. Physical contact is not “indecent” unless undertaken “for the purpose” of sexual gratification. Id. § 3101. The provisions differ, however, in the “triggering conditions” necessary for liability: subsection (a)(1) involves the complainant’s consent, while subsection (a)(8) involves the complainant’s age.
As to subsection (a)(1), the Pennsylvania courts have held that it contains an implied mens rea requirement of recklessness. The state must prove that the defendant was at least reckless with respect to the complainant’s lack of consent. Commonwealth v. Carter, 274 Pa.Super. 538, 418 A.2d 537, 541 (1980) (“In the present case, appellant was not charged with subsection (2) but with subsection (1) and for the reasons above, the proper element of intent is not ‘knowing’ but at least recklessness____ [A]t a minimum, recklessness [must] be established before the evidence is sufficient for a guilty verdict.”); see also Commonwealth v. Thomson, 449 Pa.Super. 159, 673 A.2d 357, 359 (1996) (reaffirming holding in Carter).
As to subsection (a)(8), the Pennsylvania courts have held that, “[t]o prove the crime of indecent assault, the Commonwealth must prove all the elements provided for in 18 Pa.C.S. § 3126.” Commonwealth v. Morales, 40 Pa. D. & C. 4th 456, 462 (1998). Those elements, as noted above, are limited to the contact itself, the complainant’s age, and the age difference between the defendant and the complainant. Mens rea is not a statutory element of (a)(8), nor—in contradistinction to subsection (a)(1)—has any mental state of the defendant been held by the courts to be implicitly required for conviction.[3]
Unlike subsection (a)(1), therefore, which requires recklessness, subsection (a)(8) defines a strict liability offense. The elements of (a)(8) do not include the defendant’s mental state, and therefore the least culpable conduct that could support a conviction under (a)(8) is conduct without any culpable mental state at all, not even negligence.
The least culpable conduct reached by § 3126, in other words, is factually consensual sexual contact between an adult defendant and an underage complainant whom the defendant honestly and reasonably believes to be an adult. Such a defendant may be convicted under subsection (a)(8) without having any knowledge that he had engaged in the prohibited conduct.[4] In these circumstances, mens rea would appear to be absent, and thus, under *562 Board precedent, so would moral turpitude.
It therefore makes a difference to any assessment of the moral turpitude inherent in Mehboob’s § 3126 conviction whether he was convicted under (a)(1) or (a)(8). However, the criminal complaint, which is the only record evidence of the charging provision, references “Section 3126” without specification of a subsection. The complaint’s description of “acts committed by the accused” reads: “The defendant unlawfully engaged in indecent contact with the complainant, age 15, a customer in [Mehboob’s] store, by pinching her cheek and touching her breast.” The Board’s opinion also does not specify a particular charging provision, instead characterizing the offense as “defined by reference to nonconsensual or otherwise abusive sexual contact.” This characterization obfuscates the distinction between (a)(1) and (a)(8), a distinction which could be dispositive in this case, because the two provisions require different levels of mens rea.
The Board’s explanation is, in its entirety, as follows:
We are satisfied that the respondent’s crime, which is defined by reference to nonconsensual or otherwise abusive sexual contact, is one in which moral turpitude necessarily inheres. See, e.g., Maghsoudi v. INS, 181 F.3d 8, 14-15 (1st Cir.1999) (indecent assault under Massachusetts law is a crime involving moral turpitude); Matter of Z-, 7 I. & N. Dec. 253 (BIA 1956) (indecent assault under Connecticut law is a crime involving moral turpitude). We note in particular that because the respondent’s offense involved sexually abusive conduct it is not comparable to the conventional “assault” crime at issue in Matter of Fualaau, 21 I. & N. Dec. 475 (BIA 1996).
This is not much to work with, and the cited cases are no help. The decision in Maghsoudi relied on the consent element, see 181 F.3d at 15 (“Given that lack of consent was an element of the crime to which Maghsoudi pleaded guilty, a determination that the crime involved moral turpitude is consistent with earlier Board determinations.”), and in Matter of Z- the statute penalized the acts themselves, which were criminal regardless of consent and regardless of the complainant’s age, 7 I. & N. Dec. at 254 (“[C]onsent is no defense; and ... in view of the nature of the offense, it might well be questioned whether consent would justify a disregard of the invasion of the public welfare and morality of the state which would be caused by the acts forbidden, even in the absence of the statutory provision.”). In both cases, the act the defendant intended to commit was itself forbidden (indeed, in Matter of Z-, it could not even be named). By contrast, no intention to touch an underage person is required or implied by conviction under (a)(8). The least culpable conduct that could support conviction under § 3126(a)(8) involves intent to engage in perfectly legal activity.
The third case, Fualaau, cuts against the Board’s decision in this case, and the Board’s cursory attempt at distinguishing it fails to impress. In Fualaau, the Board, in holding that an assault conviction did not involve moral turpitude, stated explicitly that “an analysis of an alien’s intent is critical to a determination regarding moral turpitude.” 21 I. & N. Dec. at 478. The Board found turpitude lacking even though a mens rea of recklessness was an element of the offense, because the actus reus did not involve “serious bodily injury.” Id. It is not self-evident to us that the statute at issue in that case is “not comparable” to the statute at issue in this one, and the Board has failed to supply an argument supporting that assertion.
*563 We may surmise that in analyzing § 3126, the Board was thinking only about (a)(1) and not (a)(8). Under Pennsylvania law, as we have seen, (a)(1) requires a mens rea of recklessness. Perhaps the Board reasoned that any nonconsensual sexual touching is infliction of “serious bodily injury,” and that the statute thus links mens rea and actus reus as contemplated in Fualaau. This sort of rationale might be properly applied to (a)(1), but it has no application to (a)(8), which has no mens rea requirement at all. The Board’s opinion simply does not address (a)(8).
Such an inadequate analysis does not make for satisfactory lawmaking, and it is unredeemed by the briefs on appeal. Both parties focus their arguments on (a)(1), the consent provision, and neither side addresses what for us is the crucial question: whether a strict liability offense such as (a)(8) can reasonably be said to be a “crime involving moral turpitude.” We have no way of telling, from the Board’s opinion, whether it thought that Mehboob was convicted exclusively under (a)(1), or whether it thought that (a)(8) defines a crime of moral turpitude. The former proposition is not supported by the record, and the latter is arguably inconsistent with longstanding Board precedent as adumbrated and approved in Partyka. In such circumstances we cannot approve the Board’s opinion.
III.
We emphasize, however, that the Board may be within its authority to extend its interpretation of “moral turpitude” to the crime defined by (a)(8). Executive branch agencies are entitled to revise their interpretations of ambiguous statutes assigned to them for implementation, and courts must defer to reasonable agency interpretations. On remand, the Board needs to explain explicitly why, in its view, 18 Pa. Cons.Stat. § 3126(a)(8) does or does not define a crime of moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(i). Because “unpublished precedent is a dubious basis for demonstrating the type of inconsistency which would warrant rejection of deference,” De Osorio v. INS, 10 F.3d 1034, 1042 (4th Cir.1993), “[w]e will not bind the BIA with a single non-precedential, unpublished decision any more than we ourselves are bound by our own unpublished orders.” Leal-Rodriguez v. INS, 990 F.2d 939, 946 (7th Cir.1993).
IV.
For the foregoing reasons, we will grant the petition for review and remand the case in order that the Board may expressly decide whether § 3126(a)(8) defines a crime of moral turpitude.

. The Notice To Appear alleging removability under § 1227(a)(2)(A)(i) is dated September 9, 2004. (App.48.) Another Notice To Appear, dated July 12, 2002, see App. 46, but not apparently served on Mehboob until August 6, 2004 (App.47), alleged removability under §§ 1101(a)(43)A) (aggravated felony) and 1227(a)(2)(E)(i) (child abuse). The Board did not decide whether those provisions justified removal, basing its ruling solely on § 1227(a)(2)(A)(i). (A.R.3) (BIA decision) ("Because respondent is removable on this charge, we need not express an opinion as to whether the crime would also support the 'aggravated felony' and ‘crime of child abuse' charges pending against him.”). Because the Board did not rule on the other charges, they are not before us here.

. The other triggering conditions are: the use of forcible compulsion, 18 Pa. Cons.Stat § 3126(a)(2); the threat of forcible compulsion, id. § 3126(a)(3); that the complainant is unconscious or unaware of the contact, id. § 3126(a)(4); the use of intoxicants to impair the complainant's control over her conduct, id. § 3126(a)(5); that the complainant suffers from a mental disability rendering her incapable of consent, id. § 3126(a)(6); or that the complainant is under thirteen, id. § 3126(a)(7). Neither Mehboob nor the government contend that any of these other conditions apply; therefore we will focus, as do the parties, on (a)(1) and (a)(8).

. Pennsylvania law does provide a "mistake of age” defense to indecent assault. Section 3102 provides that "[w]hen criminality depends on the child’s being below a critical age older than 14 years, it is a defense for the defendant to prove by a preponderance of the evidence that he or she reasonably believed the child to be above the critical age.” 18 Pa. Cons.Stat. § 3102. However, the existence of a separate statutory or common law defense (which only underscores the lack of a mens rea requirement as to the age element) is irrelevant to our "least culpable conduct” test, which is restricted to the elements of the crime, and concerns only the minimum set of facts the government must make out to secure a conviction.

. We emphasize that the relevant knowledge is knowledge of fact, not of law. It is not that the defendant intended to engage in sexual contact with a minor but didn't know that such contact was prohibited, but rather that the defendant didn’t intend to engage in sexual contact with a minor at all.