409 A.2d 87

**COMMONWEALTH of Pennsylvania**

v.

**Lynn Alvin DeBERRY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Filed Aug. 29, 1979.

Petition for Allowance of Appeal Denied Nov. 7, 1979.

Simon B. John, Assistant Public Defender, Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

VAN der VOORT, Judge:

A jury found defendant guilty of indecent assault under § 3126(2) of the Crimes Code, 18 Pa.C.S. § 3126(2). The lower court denied motions for a new trial and in arrest of judgment, and defendant has appealed.

We reverse and direct that the motion in arrest of judgment be granted.

The statute defining the crime with which defendant, age 18, was charged, reads in part as follows:

"A person who has indecent contact with another not his spouse, or causes such others to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if:

.     .     .     .     .

(2) he knows that the other person suffers from a mental disease or defect which renders him or her incapable of appraising the nature of his or her conduct."

There was sufficient evidence to establish the "indecent contact". Defendant denied that any of this occurred but the jury decided this issue against him.

There was no sufficient evidence introduced to carry the Commonwealth's burden of proving under section (2) that defendant knew that the "person suffers from a mental disease or defect which renders . . . her incapable of appraising the nature of . . . her conduct."

The only evidence we find in the Commonwealth's case in chief is this testimony by the mother of the victim (age 17):

(Transcript page 30).

"Q. Do you know what Lynette's mental age is?

A. I guess like third or fourth grade.

Q. About third or fourth grade?

A. Yes.

Q. What's that, eight or nine years old?

A. Yes.

Q. And has she had these problems as she's been growing up?

A. Right.

Q. As long as the DeBerry's have been your neighbors?

A. Right."

Defendant moved for dismissal of the charges against him, and when the court refused that motion, defendant testified in his own behalf. In his cross-examination, this was developed:

(Transcript page 69).

"Q. You've known Lynette for a long time?

A. Yes, I have.

Q. And you know that she has these mental problems?

A. Yes, I do."

We hold that the testimony quoted above is insufficient as a matter of law to prove beyond a reasonable doubt that defendant knew that the victim was suffering from a "mental disease or defect" rendering her incapable of "appraising the nature . . . of her conduct" with defendant on the day here in question.

See *Commonwealth v. Blash,* 246 Pa.Super. 571, 371 A.2d 981 (1977).

110

Reversed and defendant's motion in arrest of judgment granted.