**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Farel CROSBY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 31, 2001.
Filed Jan. 16, 2002.

Henry T. Crocker, Pottstown, for appellant,

Aliena Gerhard, Asst. Dist. Atty., Norristown, for Commonwealth, appellee.

Before McEWEN and CERCONE, President Judges Emeritus and BECK, J.

BECK, J.

¶ 1 In this appeal from the judgment of sentence for indecent assault and defiant trespass, we consider whether the trial court properly graded the offense of defiant trespass. We also decide whether the evidence was sufficient to support the verdict and whether the court properly considered certain evidence at trial. After careful consideration of the law and the facts, we affirm in part, vacate in part and remand for resentencing.

¶ 2 The evidence presented by the Commonwealth established that the victim, a thirty-year-old woman afflicted by cerebral palsy and accompanying mental retardation, lived with her parents in their Montgomery County home. The victim worked

at Kencrest, a facility in Pottstown at which she performed menial tasks such as labeling and making toolboxes. Each day a van from the company Transnet provided transportation for the victim to and from Kencrest. The driver of the van at the time of this incident was the appellant, Farel Crosby.

¶ 3 On October 19, 1999, the victim's mother drove into her driveway and saw the Transnet van parked there. She waited a couple of moments, observed no one in the front of her home, and then walked into the house. Just inside the door she observed her daughter with her shirt pulled up and her abdomen and bra exposed. Appellant was at her side. The mother asked what was going on and told appellant to leave, which he did. The mother then briefly returned to her car to retrieve her granddaughter, who had fallen asleep in the vehicle. When she reentered the house, the mother summoned the victim, who had retreated to her bedroom. The mother asked her daughter what had happened and the victim replied that appellant had touched her "titties" and her "pee pee" and that it hurt. As she explained this to her mother, she indicated an up and down motion with her finger and she began to cry.

¶ 4 The mother reported the incident to Transnet and to police. Both entities interviewed appellant, who was charged with Aggravated Indecent Assault, Indecent Assault, Indecent Exposure, Criminal Trespass, Rape, Sexual Assault, Harassment and Burglary. At trial appellant waived his right to a jury and the trial judge sat as fact finder. The court ultimately granted a demurrer to many of the charges and adjudged appellant guilty of Indecent Assault and Defiant Trespass.[1] Appellant was sentenced to an aggregate term of 1½ to 3 years in prison. This timely appeal followed.

¶ 5 Appellant's several challenges in this case can be divided into two groups: those concerning the indecent assault conviction and those concerning his conviction for defiant trespass.[2] We will address first the claims associated with indecent assault.

¶ 6 Appellant insists that the evidence was insufficient to sustain the verdict. A claim based on sufficiency is considered in the light most favorable to the Commonwealth as verdict winner, prompting us to decide whether the evidence and all reasonable inferences therefrom combine to establish that each element of the offense was proven beyond a reasonable doubt. *Commonwealth v. Valette*, 531 Pa. 384, 613 A.2d 548, 549 (1992). According to appellant, there was no evidence that he knew the victim was suffering from a mental disease and so the court was precluded from finding a violation of the indecent assault statute, which would punish his conduct only if "the Complainant suffer[ed] from a mental disability which render[ed] ... her incapable of consent." 18 Pa. C.S.A. § 3126(A)(6).

¶ 7 Appellant's claim that the Commonwealth must establish not only the victim's mental disability, but also prove his knowledge of it, is not supported by statute or case law. He offers no citation in

---

1. The Commonwealth withdrew some of the charges at the close of its case and the court's finding of guilt for defiant trespass was as a lesser-included offense of the charge of criminal trespass.

2. We observe preliminarily that appellant's brief is replete with violations of the Rules of Appellate Procedure. He fails to provide a summary of the argument; he does not set out the applicable standard of review; and his statement of questions presented exceeds one page. While these violations are sufficient to warrant dismissal, we will nonetheless address the merits of appellant's claims.

defense of his claim and our research reveals none. The case upon which he relies was decided under a different version of the statute, one that required the perpetrator to have knowledge of his victim's mental disability; the current applicable statute deleted the knowledge element and requires only that the complainant suffer from the disability.[3] Thus the Commonwealth had no burden to prove appellant's knowledge of his victim's mental status.

■ ¶ 8 In any event, contrary to appellant's claims, the record does establish the victim's mental disability and appellant's knowledge of it. The victim's mother testified at length regarding her daughter's brain injured status and limited mental capacity. Further, appellant was familiar with the victim for an eighteen-month period during which time he was employed as a driver for a company that provided transportation for the handicapped.[4] Appellant cannot prevail on his claim.

¶ 9 In connection with the sufficiency claim on the indecent assault charge, appellant also challenges the admission of the victim's statement at trial. The victim's mother testified that the victim told her that appellant touched her "titties" and "pee pee" and that he hurt her. Appellant maintains that the trial court erred in concluding that this statement qualified as an excited utterance exception to the hearsay rule. Without the statement, reasons appellant, the evidence is insufficient to sustain the charge.

**3.** Appellant relies on *Commonwealth v. DeBerry*, 269 Pa.Super. 107, 409 A.2d 87 (1979), which addressed a previous version of the statute that made culpable an offender who "knows the other person suffers from a mental disease or defect." 18 Pa.C.S.A. § 3126(a)(2) (1990), amended by 18 Pa.C.S.A. § 3126(a)(6) (1995).

**4.** Prior to trial the judge held a competency hearing at which the Commonwealth offered

■ ¶ 10 We review admissibility of evidence claims under an abuse of discretion standard. *Commonwealth v. Chamberlain*, 557 Pa. 34, 731 A.2d 593, 595 (1999).

A statement may come within the excited utterance exception to the hearsay rule if it is:

> A spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person had just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties.

*Id.* at 40, 731 A.2d at 596 (citations omitted).

■ ¶ 11 The excited utterance exception includes statements made in response to questioning as well as those made shortly after the event, not just those made immediately thereafter. *Commonwealth v. Lester*, 554 Pa. 644, 722 A.2d 997, 1003 (1998). What is required, however, is "a sufficient confluence of time and events to vest special reliability in the statement." *Commonwealth v. Coleman*, 458 Pa. 112, 326 A.2d 387, 390 (1974).

a report from a psychologist who tested the victim and was of the opinion that she was not capable of consenting to sexual contact. Based on that report and other evidence, including questioning of the victim herself, the court found the victim incompetent to testify. The court stated that the victim's mental disability was clearly apparent from its own observations.

¶ 12 The record establishes that the requirements of the exception were met in this case. The victim's mother testified that the victim's statements were made within minutes of the event. The mother described her daughter as lowering her head, something she typically did when she was upset. In addition, the victim cried as she described what appellant had done to her. The emotional state of the victim and the promptness of her statement combine to satisfy the rule. The trial court did not err in considering the victim's statements.

¶ 13 In addition to the victim's statements to her mother, appellant also challenges the admission of his own statement to police. Appellant admitted to law enforcement personnel that he rubbed the victim's back and "accidentally" touched her breasts. Appellant insists that this statement should not have been admitted because it violated the *corpus delecti* rule, which prohibits the conviction of a criminal defendant on the basis of his statements alone and requires that the crime be corroborated by independent evidence. *Commonwealth v. Ahlborn*, 441 Pa.Super. 296, 657 A.2d 518, 520–21 (1995). Appellant maintains that if the victim's statement was improperly admitted under excited utterance, then there remains no proof of the crime of indecent assault, rendering his own statement inadmissible. However, as we determined above, the Commonwealth properly invoked the excited utterance exception. As a result, the victim's statement, coupled with her mother's observations, constituted independent evidence of the crime. There was no violation of the *corpus delecti* rule.

¶ 14 We turn next to appellant's claims regarding his defiant trespass conviction. Defiant trespass is established when a person enters a property without a right to do so and is aware that he has no right by way of direct or indirect notice. *Common-*

*wealth v. Namack,* 444 Pa.Super. 9, 663 A.2d 191, 194 (1995); 18 Pa.C.S.A. § 3503(b). Here, appellant was never told that he could enter the victim's private residence. The victim's mother testified that she instructed appellant that in the event her daughter had trouble using the key, he was permitted to unlock the door so that the victim could enter the house.

¶ 15 Appellant claims that because he was permitted to use the key to help the victim open the door, he had permission to enter, or at the very least, did not have notice that he was not permitted to enter. But the mother's testimony was clear that the permission granted to appellant was only to assist the victim in entering. The mother testified that she gave appellant permission "just to open the door [to] let her [the victim] in. That's all he was supposed to do." Under these facts, the evidence is sufficient to establish defiant trespass.

¶ 16 Appellant next claims that even if his sufficiency claim has no merit, the court erred in grading the defiant trespass charge as a misdemeanor. The applicable law provides that defiant trespass is a summary offense unless "the offender defies an order to leave personally communicated to him by the owner of the premises or other authorized person." 18 Pa.C.S.A. § 3503(b)(2). Only then may the offense be graded as a misdemeanor. *Id.*

¶ 17 The record reflects that appellant promptly left the residence when the victim's mother instructed him to do so. Nonetheless, the trial court graded the offense as a misdemeanor because a Transnet supervisor testified that he had previously communicated to appellant the company policy that drivers were not permitted to enter buildings. The court found that communication of this policy constituted "an order to leave by an authorized

person" for purposes of § 3503(b)(2). We cannot agree.

■ ¶ 18 It is clear from a plain reading of the statute that the grading of the offense is dependent upon the actions of the perpetrator *once he is found to be in violation of the statute.* If, at that time, the offender defies an order to leave, he will face enhanced charges and punishment. However, if the offender complies with the order to leave, the initial violation can be graded only as a summary offense. A previously communicated rule from a third party employer that entry was not permitted in the first place does not satisfy the statute and cannot be the basis for an enhanced grading of the offense. As a result, appellant's sentence for defiant trespass must be vacated and the matter remanded for resentencing in accordance the statutory mandate.

¶ 19 Appellant's final claims concern the discretionary aspects of his sentence. He argues that the court's sentence was too harsh, that the court considered improper and duplicative factors and that it failed to adequately state its reasons for the sentence on the record. His claim with respect to the defiant trespass conviction need not be considered since, as set out above, that sentence must be vacated in any event.

■ ¶ 20 With respect to the sentence for indecent assault, appellant has waived this claim for failing to adequately present it for review. Appellant's right of appeal on this issue is not absolute: rather, he is required to satisfy the dictates of Pa.R.A.P 2119(f) and *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987), in order to be entitled to appellate review. Because he has failed to do so and because the Commonwealth raised his failure in its brief, we are precluded from addressing the claim. *Commonwealth v. Huckleberry,*

429 Pa.Super. 146, 631 A.2d 1329, 1331 (1993).

¶ 21 Further, even if we determined that appellant's brief met the requirements for review, we would not grant relief on this claim. The sentencing record shows that the trial court had the benefit of a presentence report and was fully aware of the various factors relevant to appellant's sentence. While it is true that the court repeatedly noted the particularly vulnerable and helpless nature of the victim in fashioning its sentence, it also noted the position of trust appellant occupied as the victim's driver/caretaker. In light of the sentencing transcript as a whole, we would find no abuse of discretion and would affirm.

¶ 22 Sentence for indecent assault affirmed; sentence for defiant trespass vacated; matter remanded to the trial court for resentencing on the summary offense of defiant trespass. Jurisdiction relinquished.