J. S15024/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
T.J., A MINOR, :
:
             Appellant :
: No. 3772 EDA 2015

Appeal from the Dispositional Order November 17, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-JV-0000399-2015

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:              **FILED MAY 19, 2017**

      Appellant, T.J., appeals from the Dispositional Order entered in the Court of Common Pleas of Delaware County following his adjudication of delinquency based on Indecent Assault of a Person with a Mental Disability. Upon careful review, we affirm.

      On April 27, 2015, the Commonwealth filed a Delinquency Petition charging thirteen-year-old Appellant with multiple counts of Rape, Sexual Assault, and Indecent Assault.[1] On November 17, 2015, the juvenile court conducted an adjudicatory hearing.

      The juvenile court summarized the testimony from the adjudicatory hearing as follows:

---

[1] 18 Pa.C.S. § 3121(a)(1) and (5); 18 Pa.C.S. § 3124.1; and 18 Pa.C.S. § 3126(a)(1), (2), and (6), respectively.

The Commonwealth presented evidence from several witnesses that showed that [Appellant] and several other children were playing on a basketball court located on Clifton Avenue, Darby Township, Delaware County, Pennsylvania, during the late afternoon on April 24, 2015.

J.J. (also referenced in the hearing as "Smiley") offered clear and cogent testimony of the occurrences. Apparently, the [eighteen-year-old] Complainant was with a group of children playing tag when she and another girl departed and walked up Clifton Avenue. Shortly thereafter, [Appellant] and two other boys, J.J. and A.F. (who were among the group), walked up the street in the same direction as Complainant. He offered that when the three boys encountered Complainant, her friend indicated she could continue on alone. Complainant then told the boys that she wanted something to drink. [Appellant] told Complainant that she could get something at his house which was about two doors away. [Appellant] and the Complainant walked up the steps at his house and entered. After waiting for a bit, the other boy, A.F., knocked on the door and peered in the nearby window. As he looked in, he said, "She [Complainant] getting raped." Shortly thereafter, Complainant ran outside the house crying and was followed closely by A.F.

The next witness, A.F., proved problematic for the Commonwealth. His direct testimony largely conveyed that he could recall nothing about the events on April 24th. Previous testimony seemingly corroborated the gist of J.J.'s rendition of the events.

The Complainant's [older] sister, K.R., testified that she cares for [Complainant] who functions at the level of a five or six[-]year - old. She reported that two boys came to her home on Clifton Avenue and one boy offered an explanation of the events which caused K.R. to call the police.

The Complainant confirmed that she lives with her sister who helps her. Complainant was then quizzed about the central events of the case. She offered an in-court identification of [Appellant] and said that she was inside his house alone with [him]. She said [Appellant] pulled her by her hoodie. When asked where she had "private parts," the Complainant indicated, appropriately, the area below her waist. She told the court that [Appellant] touched her private parts (which was more

particularly described as below her waist toward the middle of her pants) with his hands. She also stated that [Appellant]'s private part (located in the crotch area of his pants) touched her body, but she was unable to specify what part of her body was touched. The Complainant submitted herself to a sexual assault examination. No manifestation of injury or objective evidence of a rape was found. The reviewing nurse confirmed that the Complainant's history reflected her limited mental functioning.

Juvenile Court Opinion, filed 5/18/16, at 2-4 (unpaginated).

At the conclusion of the hearing, the juvenile court adjudicated Appellant delinquent on a single count of Indecent Assault of a Person with a Mental Disability. On the same day, the juvenile court placed Appellant on probation and restricted contact between Appellant and Complainant. This timely appeal followed.[2]

Appellant raises the following issue on appeal:

Whether a nurse may opine that the notation "MR" on [Complainant]'s admission documents means "mental retardation," and that [Complainant] exhibited indicia of mental retardation, and whether the Juvenile Court erred when it accepted the nurse's and other lay opinion as proof beyond a reasonable doubt that 18-year-old [Complainant] suffered from a mental disability that prevented her from giving consent?

Appellant's Brief at 9.

Appellant essentially argues that the Commonwealth presented insufficient evidence to prove that Complainant suffered from a mental

---

[2] On December 11, 2015, Appellant filed a Notice of Appeal. The juvenile court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The juvenile court issued an opinion pursuant to Pa.R.A.P. 1925(a) on May 17, 2016.

disability that prevented her from giving consent, and therefore insufficient evidence to support the adjudication. Our standard of review is as follows:

> In reviewing the sufficiency of the evidence to support the adjudication below, we recognize that the Due Process Clause of the United States Constitution requires proof "beyond a reasonable doubt" at the adjudication stage when a juvenile is charged with an act which would constitute a crime if committed by an adult. Additionally, we recognize that in reviewing the sufficiency of the evidence to support the adjudication of delinquency, just as in reviewing the sufficiency of the evidence to sustain a conviction, though we review the entire record, we must view the evidence in the light most favorable to the Commonwealth.

*In re A.D.*, 771 A.2d 45, 48 (Pa. Super. 2001) (internal citations omitted).

> The crime of Indecent Assault is defined, in pertinent part, as follows:
>
> A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> * * *
> (6) the complainant suffers from a mental disability which renders the complainant incapable of consent[.]

18 Pa.C.S. § 3126(a)(6). Further, the term "indecent contact" is defined by statute as, "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

In the instant case, Appellant solely challenges whether there was sufficient evidence to prove that Complainant "suffers from a mental disability which renders the complainant incapable of consent[.]" 18 Pa.C.S.

§ 3126(a)(6). Appellant avers that Complainant's older sister and legal guardian, K.R., the examining nurse, Dawn Tierney ("Nurse Tierney"), and Detective Cory Cooper ("Detective Cooper") all lacked qualifications to support their opinions regarding Complainant's mental status. Appellant's Brief at 16. We disagree.

In **Commonwealth v. Crosby**, 791 A.2d 366 (Pa. Super. 2002), this Court held that testimony from a victim's mother was sufficient to prove that the victim had mental disability. **Id.** at 370. Likewise, in **Commonwealth v. Provenzano**, 50 A.3d 148 (Pa. Super. 2012), this Court held that testimony from a 15-year-old victim's "life skills" teacher that the victim had a low IQ and the decision-making capacity of an elementary school student was sufficient to raise the issue of the victim's mental capacity for the fact-finder to decide. **Id.** at 152. Notably, in **Provenzano**, this Court factored into its analysis that the defendant did not present any evidence to rebut the testimony that the victim lacked the mental capacity to consent to sexual contact. **Id.**

In both **Crosby** and **Provenzano,** this Court permitted lay testimony to establish whether a victim suffers from a mental disability which renders them incapable of consent pursuant to 18 Pa.C.S. § 3126(a)(6). **See Crosby, supra** at 370; **Provenzano, supra** at 152.

Similarly, in this case, Complainant's sister and legal guardian, K.R., testified at length about Complainant's mental capacity. K.R. testified that

Complainant was "mentally challenged[,]" was diagnosed as autistic, attended a specialized school, was unable to drive a car, could not read, was able to recite the alphabet and count to twenty, was able to write her name, and "has the mind of like a four or five year old." N.T. Adjudicatory Hearing, 11/17/15, at 98-101. Appellant failed to present any evidence to rebut this. In fact, when Appellant was asked, "tell me what you know about [Complainant]," he responded, "I know that she got some issues and stuff . . . like she's mentally challenged." *Id.* at 200-01.

The juvenile court opined, "[t]he record, provided by Complainant's sister, offers sufficient grounds to support a finding of her mental impairment." Juvenile Court Opinion, filed 5/18/16, at 6. We agree with the juvenile court that the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to establish beyond a reasonable doubt that Complainant suffered from a mental disability that rendered her incapable of consent. *See In re A.D., supra* at 48.

Appellant also argues that Nurse Tierney and Detective Cooper were unqualified to render an opinion regarding Complainant's mental capacity. As stated above, the juvenile court based its decision regarding Complainant's mental status solely on the testimony provided by K.R. *See* Juvenile Court Opinion, filed 5/18/16, at 6. Accordingly, this argument lacks merit.

Lastly, Appellant curiously raises the issue of "whether a nurse may opine that the notation 'MR' on [Complainant]'s admission documents means 'mental retardation[.]'" Appellant's Brief at 9. Nurse Tierney testified that she, herself, wrote "MR" on the admission documents based on "the person who was with the client and the history that they gave me." N.T. Adjudicatory Hearing, 11/17/15, at 144-45, 148. Accordingly, Nurse Tierney was merely testifying as to what the acronym that she transcribed meant. We find this issue to be nonsensical and meritless.

Based on the foregoing, we find that the Commonwealth presented sufficient evidence to prove that Complainant suffered from a mental disability that rendered her incapable of consent, and that the juvenile court did not abuse its discretion when it adjudicated Appellant delinquent.

Dispositional Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2017