J-S08003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN CHRISTOPHER FULLER, JR. | : | |
| | : | |
| Appellant | : | No. 1212 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 12, 2021
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000351-2020

BEFORE: BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY BOWES, J.: **FILED APRIL 27, 2022**

Shawn Christopher Fuller, Jr., appeals from his August 12, 2021 judgment of sentence of two to ten years of incarceration, which was imposed after Appellant pled guilty to driving under the influence ("DUI")—highest rate of alcohol, aggravated assault by vehicle while DUI, operation of a vehicle without required financial responsibility, and reckless driving. We affirm in part and vacate in part.

The case concerns a single-vehicle collision that occurred in Duncannon Borough during the early-morning hours of February 6, 2020. On that day, Appellant crashed his car into a pole. A passenger in that vehicle, Melanie Derr, suffered significant physical injuries including a dislocated hip and fractures to her right ankle and right femur. Officers recovered a pipe from the immediate vicinity of the disabled vehicle containing burnt marijuana. Appellant admitted to drinking alcohol prior to driving but refused a blood

draw requested by the responding officers. In addition to the offenses noted above, Appellant was also charged with possession of drug paraphernalia, recklessly endangering another person, and numerous traffic offenses. *See* Information, 10/13/20, at 1-3.

Thereafter, the procedural history of this case is replete with continuances granted based upon Appellant's alleged unavailability. Finally, on April 8, 2021, the trial court issued a bench warrant after Appellant failed to appear for a scheduled hearing. One week later, he self-reported and accepted a plea offer from the Commonwealth. Specifically, Appellant agreed to plead guilty to DUI, aggravated assault while DUI, operating a vehicle without required financial responsibility, and reckless driving in exchange for the Commonwealth withdrawing all remaining charges. *See* N.T. Guilty Plea Hearing, 4/15/21, at 5-7. This accord did not include any agreement as to Appellant's potential sentence. *Id*. at 5.

Ultimately, the trial court accepted Appellant's plea and ordered the preparation of a pre-sentence investigation ("PSI") report and ordered Appellant to undergo a Court Reporting Network ("CRN") evaluation.[1] *Id*. at 18. On July 1, 2021, all parties appeared for Appellant's sentencing.

_____

[1] A CRN evaluation is "[a] uniform prescreening evaluation procedure for all [DUI] offenders to aid and support clinical treatment recommendations offered to the judiciary, prior to sentencing." 67 Pa. Code § 94.2; *see also* 75 Pa.C.S. § 3816 (explaining CRN evaluations determine "the extent of the person's involvement with alcohol or controlled substances and to assist the court in determining what sentencing, probation or conditions of Accelerated Rehabilitative Disposition would benefit the person or the public.").

However, the Commonwealth informed the trial court that Appellant had refused to participate in the creation of a PSI report and had not obtained a CRN evaluation. *See* N.T. Hearing, 7/1/21, at 2. After questioning Appellant, the trial court concluded that he had "missed at least three appointments for a [PSI] evaluation" and had "failed to obtain his CRN evaluation as previously ordered." *Id*. at 8. The trial court granted a continuance to permit Appellant another opportunity to comply.

On August 12, 2021, the parties reappeared for Appellant's sentencing. While Appellant had completed his CRN evaluation by this time, he had still not participated in the preparation of a PSI report. Appellant requested yet another continuance, which the trial court denied. *See* N.T. Sentencing, 8/12/21, at 7 ("Probation has gone above and beyond to try and get these things done, so your motion for continuance today is denied."). The trial court also questioned Appellant regarding incorrect information that he had provided during his CRN evaluation. *Id*. at 8-9. In sentencing Appellant, the trial court expressed disappointment regarding his post-plea behavior:

> Even after a guilty plea in this case, you have repeatedly failed to be responsible for your actions. . . . Most people, if they're in the situation that you are in and facing these types of sentencing guidelines and these charges, prior to sentencing, they would have been doing everything they could do to better themselves, to, you know, obtain employment, go through counseling, cooperate with the PSI, do your CRN, to try to get counseling started, to come in here and say, Look, Judge, I can be rehabilitated. I'm working on it right now. You know, give me a mitigated range sentence that I can stay local and work and those types of things. And instead you've done the complete opposite. You've done everything you could possibly do to try to thwart the

legal process, and, in reality, all you've been doing is spiting yourself, but it shows me that you haven't learned. You're not remorseful. And based upon it, I do think a sentence at the high end of the standard range is appropriate.[2]

*Id*. at 10-11. Accordingly, the trial court sentenced Appellant to a term of incarceration of two to ten years with respect to the aggravated assault by vehicle while DUI and a concurrent ninety-day term of incarceration with respect to his DUI conviction. Aside from financial sanctions, no further penalty was imposed on the remaining charges.

On August 18, 2021, Appellant filed a timely post-sentence motion asking the trial court to reconsider Appellant's sentence. The next day, the trial court denied the motion. Thereafter, Appellant filed a timely notice of appeal to this Court. Both the trial court and Appellant have complied with the obligations of Pa.R.A.P. 1925.

Appellant has raised a single issue for our consideration: "Did the trial court abuse its discretion in imposing a two-year minimum, maximum 10-year sentence on Appellant, top end of the standard range with a maximum tail when Appellant had a prior record score of 0?" Appellant's brief at 7 (cleaned up). Thus, Appellant is arguing that the trial court imposed an excessive

---

[2] Aggravated assault by DUI is a second-degree felony that has an offense gravity score of nine. *See* 204 Pa. Code § 303.15. With Appellant's prior record score of zero, the sentence range provided by the Pennsylvania Sentencing Guidelines is twelve to twenty-four months. *See* 204 Pa. Code § 303.16(a). Thus, the minimum sentence imposed with respect to Appellant's aggravated assault conviction falls within the standard range.

sentence in light of his low prior record score. Such a claim implicates the discretionary aspects of Appellant's sentence. *See Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa.Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence.").

An appellant is not entitled to review of the discretionary aspects of his sentence as a matter of right. Rather, before we may address such a discretionary challenge, an appellant must comply with the following requirements to invoke this Court's jurisdiction:

> An appellant challenging the discretionary aspects of his sentence must invoke the Superior Court's jurisdiction on appeal by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Moye*, 266 A.3d 666, 676 (Pa.Super. 2021).

Appellant has complied with the first two of these requirements by filing a timely notice of appeal and preserving his claim in a post-sentence motion in the trial court. However, our review of Appellant's counseled brief confirms that it does not include a concise statement of the reasons relied upon for allowance of appeal. *See* Pa.R.A.P. 2119(f). Moreover, the Commonwealth has objected to this omission in its brief. *See* Commonwealth's brief at 2-3.

Where an appellant fails to include a Rule 2119(f) concise statement in his brief and the Commonwealth raises this failure in its brief, we are

precluded from addressing the claim. *See **Commonwealth v. Fremd***, 860 A.2d 515, 524 (Pa.Super. 2004) (citing ***Commonwealth v. Crosby***, 791 A.2d 366, 372 (Pa.Super. 2002)). Accordingly, Appellant's raised claim is waived.

However, our review does not conclude there. Our review of Appellant's case has revealed an issue concerning sentencing merger, which implicates the legality of Appellant's sentence and, thus, we may address it *sua sponte*. ***See Commonwealth v. Watson***, 228 A.3d 928, 941 (Pa.Super. 2020). In this context, our standard of review is *de novo* and our scope of review is plenary. ***Id***. Merger of criminal sentences is governed by § 9765 of the Pennsylvania Sentencing Code, which provides as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. As this Court has noted, "the language of the legislature is clear. The only way two crimes merge for sentencing is if **all** elements of the lesser offense are included within the greater offense." ***Watson***, ***supra*** at 941 (emphasis in original; internal citation and quotation marks omitted).

Instantly, Appellant received concurrent sentences of incarceration for his convictions for DUI and aggravated assault while DUI, respectively. ***See*** Order, 8/13/21, at 1-2. The statute under which Appellant was convicted for DUI provides, as follows:

> **(c) Highest rate of alcohol.**— An individual may not drive, operate or be in actual physical control of the movement of a

vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(c). Similarly, Pennsylvania statute defines aggravated assault while DUI, as follows:

> **(a) Offense defined.**--Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury.

75 Pa.C.S. § 3735.1(a).

In the case at bar, Appellant was operating a vehicle while intoxicated and crashed into a pole causing Melanie Derr to suffer serious bodily injuries. Thus, Appellant's single criminal act of driving under the influence of alcohol provided the factual basis for both of these convictions. Moreover, all the statutory elements of the crime of DUI—highest rate of alcohol are completely subsumed by the elements of aggravated assault while DUI. *Compare* 75 Pa.C.S. § 3802(c) *with* 75 Pa.C.S. § 3735.1(a); *see Commonwealth v. Tanner*, 61 A.3d 1043, 1047 (Pa.Super. 2013) (same). Accordingly, Appellant's DUI conviction merges with his conviction for aggravated assault while DUI. *See Commonwealth v. Schmohl*, 975 A.2d 1144, 1150 (Pa.Super. 2009). Therefore, the trial court imposed an illegal sentence with respect to Appellant's DUI conviction, which must be vacated. *Id*.

Where our "disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan. By contrast, if our decision does not alter the overall scheme, there is no need for a remand." ***Commonwealth v. Thur***, 906 A.2d 552, 569-70 (Pa.Super. 2006) (internal citations and quotation marks omitted). Instantly, Appellant's illegal DUI sentence was concurrent to the legal sentence imposed with respect to his aggravated assault while DUI conviction. Thus, this vacated sentence did not lengthen or impact Appellant's overall sentence. Under these circumstances, there is no need to remand for resentencing. ***Id***. at 570 (citing ***Commonwealth v. Robinson***, 817 A.2d 1153, 1163 n.14 (Pa.Super. 2003); ***Commonwealth v. Neupert***, 684 A.2d 627, 628-29 (Pa.Super. 1996)).

Judgment of sentence affirmed in part and vacated in part.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2022