393 A.2d 453

COMMONWEALTH of Pennsylvania, Appellee,

v.

Purcell BRONSON, Appellant.

Supreme Court of Pennsylvania.

Argued April 21, 1978.

Decided Oct. 27, 1978.

Martin A. Ostrow, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Glenn Gitomu, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

This case involves an appeal from an order of the Court of Common Pleas of Philadelphia denying a motion to dismiss and/or quash criminal charges on the basis of double jeopardy.

The controversy arises from the following facts:

Purcell Bronson was arrested on March 12, 1977, and informations were returned as of March Term 1977, for murder, robbery, burglary, conspiracy, possession of instrument of crime generally and concealed weapon specifically, and prohibited offensive weapon. On May 18, 1977, a motion to suppress physical evidence was denied, and a motion to suppress statements was granted in part and denied in part. A motion to suppress identification testimony was reserved until the time of trial.

The jury selection process commenced on July 5, 1977. On that date, Bronson moved for a continuance based on discovery of a potential alibi witness. The motion was denied when it became apparent that Bronson had knowledge of this witness prior to the date the case was listed for trial. In addition, Bronson requested that court-appointed counsel withdraw because he had attempted to obtain a pretrial plea bargain. This motion was also denied when a document authorizing counsel's action and signed by Bronson was produced in court and made part of the record. Bronson then refused to participate further in the proceedings.

On July 6, 1977, Bronson's counsel requested a continuance to obtain a psychiatric evaluation of his client. Although Bronson had not previously claimed to have any mental health problems, he had now submitted to his counsel a *pro se* memorandum of law in support of such a motion seeking a mental examination and advising he had informed counsel that he was not competent to stand trial. The court denied the motion, and proceeded to take testimony on the motion to suppress identification.

On July 13, 1977, during the jury selection process, Bronson requested medical attention, through counsel, for physical illness. Seven jurors had been selected by that time. Court was recessed so that Bronson could be examined by a physician, but the examination revealed no physical problem. Because of Bronson's behavior, the court ordered a psychiatric evaluation be made forthwith by the Psychiatric Division of the Probation Department.

The following day, the trial judge noted on the record that an examining psychiatrist had tentatively diagnosed Bronson as psychotic and incompetent to stand trial and that a thirty-day hospitalization under the Mental Health Procedures Act of 1976, Act of July 9, 1976, P.L. 817, No. 143, § 402(b), 50 P.S. § 7402(b) (Supp.1978–79), was recommended. The court followed this recommendation.

Because of this development, the seven jurors who had been chosen were dismissed, and, by agreement, the case was returned to the calendar room for the purpose of scheduling a competency hearing. All counsel agreed for the record that jeopardy had not attached. The competency hearing commenced on July 21, 1977. On July 22, the Commonwealth's motion for an extension, pursuant to Pa.R. Crim.P. 1100 until November 17, 1977, was granted. Furthermore, Bronson's counsel withdrew, and new counsel was appointed to represent him. On September 27, Bronson was declared competent to stand trial. On October 7, Bronson filed a motion to dismiss and/or quash the charges on the ground of double jeopardy. The motion was denied, and from that order this appeal was filed.* The order of the trial court will be affirmed.

Bronson's claim of double jeopardy must fail if for no other reason than jeopardy never attached in the Commonwealth's initial attempt to bring him to trial. It is well-settled that in order for jeopardy to attach, the jury must be empaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *Commonwealth v. Bolden,* supra, 472 Pa. at 625, 373 A.2d at 101; *Commonwealth v. Stewart,* 456 Pa. 447, 450, 317 A.2d 616, 618, *cert. denied,* 417 U.S. 949, 94 S.Ct. 3078, 41 L.Ed.2d 670 (1974); *Commonwealth v. Curry,* 287 Pa. 553, 557, 135 A.

---

* The Commonwealth has filed a motion to dismiss the appeal as being from an interlocutory order. The motion is herewith denied. Cf. *Commonwealth v. Haefner,* 473 Pa. 154, 373 A.2d 1094 (1977); *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977). However, in order to expedite disposition of the criminal charges, appeals of this character will be advanced for hearing upon request.

316, 317 (1926); *Alexander v. Commonwealth,* 105 Pa. 1, 9 (1884). Since only seven jurors were chosen before Bronson's commitment and none were sworn, the double jeopardy claim presented in this case is totally without merit.

Order affirmed.

NIX, J., filed a dissenting opinion in which O'BRIEN, J., joined.

NIX, Justice, dissenting.

In dismissing this frivolous and dilatory appeal the majority notes that interlocutory order was being entertained at this point on the authority of *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1970). In *Bolden, supra,* this writer, joined by my brother, Mr. Justice O'BRIEN, urged the Court to reconsider the wisdom of a rule which provided a blanket approval of immediate appellate review of clearly interlocutory appeals simply because the complaint was framed in terms of a double jeopardy violation. *Commonwealth v. Bolden, supra,* 472 Pa. at 652, 373 A.2d at 114. In the dissent we stressed the reasons supporting the long standing and jurisprudentially accepted rule that appellate review should follow final orders, judgments and decrees of the court below:

> "The reasoning supporting the view that appeals should be taken only from final orders is not predicated upon whim but rather is founded upon the belief that truncated treatment of issues would be inefficient and time-consuming and more importantly would be likely to prejudice one or both parties to a controversy. *Sullivan v. Philadelphia,* 378 Pa. 648, 107 A.2d 854 (1954). To permit the interruption of an ongoing judicial proceeding prior to final judgment would invite an indefinite number of appeals, causing extensive delay and having a disruptive effect on the continuity of the action. *Cobbledick v. United States,* 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940)." *Id.* at 653–54, 373 A.2d at 115 (Nix, J., dissenting).

This instant appeal illustrates our concern. The abortion of the first trial occurred on July 13, 1977 and this matter has been diverted from the commencement of the second trial for over a year and one half on the flimsy pretense that the appellant's double jeopardy rights had been offended. The authority for the requirement, in this state, that jeopardy does not attach until the jury is empanelled and sworn, is legion. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *Commonwealth v. Bolden, supra*, 372 Pa. at 625, 373 A.2d at 101; *Commonwealth v. Stewart*, 456 Pa. 447, 450, 317 A.2d 616, 618, *cert. denied*, 417 U.S. 949, 94 S.Ct. 3078, 41 L.Ed.2d 670 (1974); *Commonwealth v. Curry*, 287 Pa. 553, 557, 135 A. 316, 317 (1926); *Alexander v. Commonwealth*, 105 Pa. 1, 9 (1884). Yet although the fallacy of the argument was patent and the history of the case graphically evidences a deliberate defense strategy of delay we compound the injury by providing another avenue of escape from the law's just judgment. The proper approach would have been an immediate grant of the motion to quash this interlocutory and meritless appeal.

O'BRIEN, J., joins this dissenting opinion.