J-S69045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PURCELL BRONSON, :
:
Appellant : No. 1097 EDA 2019

Appeal from the PCRA Order Entered March 14, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0317321-1977

BEFORE: SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED APRIL 20, 2020**

Appellant, Purcell Bronson, appeals *pro se* from the March 14, 2019 Order entered in the Court of Common Pleas of Philadelphia County dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we agree that the petition was untimely filed, and therefore affirm.

Appellant was convicted of second degree murder, robbery, conspiracy, and possessing an instrument of crime on February 9, 1979, and sentenced to life imprisonment. His sentence was affirmed by the Pennsylvania Supreme Court on May 19, 1982; he did not file a petition for certiorari with the United States Supreme Court, and his sentence therefore became final 90 days later,

_____

[*] Retired Senior Judge assigned to the Superior Court.

on August 17, 1982. He has since filed six prior PCRA petitions, all of which were dismissed.

On February 2, 2018, Appellant filed the instant petition, his seventh. He asserted that the trial court erred by failing to complete a competency evaluation, and that trial and appellate counsel provided ineffective assistance by failing to litigate the issue of competency at trial or on direct appeal. On December 12, 2018, pursuant to Pa.R.Crim.P. 907, the PCRA court issued a notice of intent to dismiss the petition as untimely. Appellant filed a reply thereto on December 24, 2018, and on March 14, 2019, the PCRA court dismissed the petition as untimely; this appeal followed, on April 8, 2019. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant now presents the following issues for our review:

1. Did the trial court try an incompetent defendant?

2. Did the trial court required defendant to prove his incompetence by 'clear and convincing evidence,' thus in violation of **Cooper v. Oklahoma**, [517 U.S. 48 (1996).]

3. Were issues of material facts in dispute warranting the scheduling of an evidentiary hearing?

4. Should an incompetent person be responsible for his incompetent acts?

5. Was [Appellant] deprived of due process, by the [trial court] proceeding under an unlawful statute 50 P.S. §[§] 7101-7503?

Appellant's Brief at 4.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). However, "[i]t is well-settled that the PCRA's time restrictions are jurisdictional in nature." *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016) (citation omitted). Therefore, we must first determine whether we have jurisdiction to entertain the PCRA petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[1]

As the instant petition is patently untimely by more than three and a half decades, we are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three exceptions provided in Section 9545(b)(1) and set forth above. **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007).

Appellant argues that his petition satisfies section 9545(b)(1)(ii). His claim is predicated upon the newly discovered 'fact' that a pre-trial competency examination that was ordered in 1979 was never completed, which he contends is demonstrated by the fact that the county court probation department does not have a copy of the post-exam evaluation. He asserts that after reading our Supreme Court's decision in **Commonwealth v. Cruz**, 852 A.2d 287 (Pa. 2004),[2] he immediately attempted, unsuccessfully, to

---

[1] Appellant alleges his claim arose on or about January 6, 2018, and he filed his petition on February 2, 2018.

[2] In **Commonwealth v. Cruz**, our Supreme Court held that "mental incompetence at the relevant times, if proven, may satisfy the requirements of Section 9545(b)(1)(ii), in which case, claims defaulted by operation of that incompetence may be entertained." 852 A.2d 287, 288 (Pa. 2004). The appellant in **Cruz** had suffered brain damage from a self-inflicted gunshot wound, and the trial court accepted his plea of *nolo contendere* without a determination of whether he was competent. Appellant does not compare

obtain a copy of the evaluation, and following his discovery, on or about January 6, 2018, that no record exists to substantiate his competency to stand trial, he filed his PCRA petition on February 2, 2018. Appellant further argues that other than bald hearsay statements, the Commonwealth has offered no evidence that a mental health evaluation was completed.

It is well-settled that the newly discovered exception to the PCRA time bar requires that the facts upon which the claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence. **Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017). "The focus of the exception is on the newly discovered *facts*, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008).

We reject, first, any contention by Appellant that our decision in **Cruz** might serve as a newly discovered fact. "[S]ection 9545(b)(1)(i) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts." **Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011).

Furthermore, Appellant has failed to establish that he could not have obtained information as to the existence of a 1979 competency evaluation through the exercise of due diligence. Indeed, the record of this case

---

himself to Cruz, but rather suggests that it prompted him to contact the court for a copy of his record as to his competency determination. Petitioner's Objections to the Court's 12/12/18 Notice to Dismiss.

- 5 -

demonstrates that Appellant was well aware of events surrounding the evaluation of his competency to stand trial, beginning in 1977. The Pennsylvania Supreme Court summarized relevant facts and a portion of the relevant procedural history as follows:

> The jury selection process commenced on July 5, 1977… [o]n July 6, 1977, [Appellant's] counsel requested a continuance to obtain a psychiatric evaluation of his client. Although [Appellant] had not previously claimed to have any mental health problems, he had now submitted to his counsel a [p]ro se memorandum of law in support of such a motion seeking a mental examination and advising he had informed counsel that he was not competent to stand trial. The court denied the motion, and proceeded to take testimony on [a previously requested] motion to suppress identification. On July 13, 1977, during the jury selection process, [Appellant] requested medical attention, through counsel, for physical illness. Seven jurors had been selected by that time. Court was recessed so [Appellant] could be examined by a physician, but the examination revealed no physical problem. Because of [Appellant's] behavior, the court ordered a psychiatric evaluation be made forthwith by the Psychiatric Division of the Probation Department. The following day, the trial judge noted on the record that an examining psychiatrist had tentatively diagnosed [Appellant] as psychotic and incompetent to stand trial and that a thirty-day hospitalization under the Mental Health Procedures Act of 1976 [  ], was recommended. The court followed this recommendation.
>
> Because of this development, the seven jurors who had been chosen were dismissed, and, by agreement, the case was returned to the calendar room for the purpose of scheduling a competency hearing. All counsel agreed for the record that jeopardy had not attached. The competency hearing was commenced on July 21, 1977. On July 22, the Commonwealth's motion for an extension [  ] was granted. Furthermore, [Appellant's] counsel withdrew, and new counsel was appointed to represent him. On September 27, [Appellant] was declared competent to stand trial.

***Commonwealth v. Bronson***, 393 A.2d 453, 453-54 (Pa. 1978). Appellant subsequently filed a motion to dismiss the charges on the ground of double jeopardy; the motion was denied, and on appeal, our Supreme Court affirmed and remanded the case to the trial court to conduct his trial. ***Id***.

Appellant's claims do not meet the newly discovered facts exception; he has failed to plead and prove that he could not have ascertained information about his competency to stand trial by the exercise of due diligence, and the record of his case demonstrates that he was in fact aware that there were issues concerning his competence in 1977. Appellant does not state that he learned new facts concerning his mental condition at any later date. The PCRA court properly concluded that Appellant failed to prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/20