# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 30 EAL 2024 |
| | : | |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the **Published Opinion and** |
| v. | : | **Order** of the Superior Court at No. |
| | : | 1631 EDA 2021, at 307 A.3d 767 |
| | : | (Pa. Super. 2023) entered on |
| ROBERT REDANAUER, | : | December 28, 2023, **quashing** the |
| | : | Order of the Philadelphia County |
| Respondent | : | Court of Common Pleas at Nos. |
| | : | MC-51-CR-0007444-2021 and MC- |
| | : | 51-CR-0007445-2021 entered on |
| | : | July 15, 2021 |

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 31 EAL 2024 |
| | : | |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the **Published Opinion and** |
| v. | : | **Order** of the Superior Court at No. |
| | : | 1632 EDA 2021, at 307 A.3d 767 |
| | : | (Pa. Super. 2023) entered on |
| ROBERT REDANAUER, | : | December 28, 2023, **quashing** the |
| | : | Order of the Philadelphia County |
| Respondent | : | Court of Common Pleas at Nos. |
| | : | MC-51-CR-0007444-2021 and MC- |
| | : | 51-CR-0007445-2021 entered on |
| | : | July 15, 2021 |

## <u>ORDER</u>

**PER CURIAM**

    **AND NOW**, this 1st day of July, 2024, we **GRANT** the Petition for Allowance of Appeal, **REVERSE** the decision of the Superior Court quashing the Commonwealth's appeal, and **REMAND** to the Superior Court with instructions to remand to the Court of

Common Pleas to determine whether the Commonwealth established a *prima facie* case on MC-51-CR-0007445-2021. *See* N.T. 7/15/2021 at 9 ("We are at a preliminary hearing."); *Commonwealth v. Hetherington*, 331 A.2d 205, 208 (Pa. 1975) ("[a] finding . . . that the Commonwealth has failed to establish a *prima facie* case is not a final determination, such as an acquittal, and only entitles the accused to his liberty for the present, leaving him subject to rearrest"); *Commonwealth v. Bronson*, 393 A.2d 453, 454 (Pa. 1978) ("claim of double jeopardy must fail if . . . jeopardy never attached").

Justice McCaffery did not participate in the consideration or decision of this matter.