J-E02002-23

2024 PA Super 243

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
ROBERT REDANAUER : No. 1631 EDA 2021

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0007444-2021,
MC-51-CR-0007445-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
ROBERT REDANAUER : No. 1632 EDA 2021

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0007444-2021,
MC-51-CR-0007445-2021

BEFORE: PANELLA, P.J., BOWES, J., OLSON, J., DUBOW, J., KUNSELMAN,
J., MURRAY, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

OPINION BY McLAUGHLIN, J.: **FILED OCTOBER 22, 2024**

This case returns to us following remand from the Pennsylvania Supreme Court after the Commonwealth's petition for allowance of appeal from this Court's quashal of its appeal. In adherence to the direction of our Supreme Court, we reverse and remand with instructions. ***See***

***Commonwealth v. Redanauer***, ___ A.3d ___, 2024 WL 3248685 (Pa. filed July 1, 2024) (*per curiam* order).

The Commonwealth charged Redanauer with four misdemeanors: simple assault, recklessly endangering another person, possessing instruments of crime, and terroristic threats. It alleged that Redanauer had committed each of these offenses against two individuals, Daniel Taylor and his brother, A.T. The criminal complaint alleged that, on or about December 27, 2020, Redanauer "attempted to put Daniel Taylor and [A.T.] in fear of imminent bodily danger by pointing a firearm in their faces and saying, 'I'm going to shoot you fucker' as he walked towards them." Criminal Complaint, DC # 20-08-039365. The charges were docketed at two separate dockets, 7444-2021 ("Docket 7444") for the minor victim, and 7445-2021 ("Docket 7445") for Daniel Taylor. ***See*** PARS Report, Docket 7444; PARS Report, Docket 7445. Both cases were scheduled for trial in Philadelphia Municipal Court.

Pursuant to a request from the Commonwealth, the court listed Docket 7444 for a preliminary hearing in Common Pleas Court. ***See*** Order, filed 6/14/21, Docket 7444 ("This matter, currently listed for a trial on July 15, 2021, . . . shall be scheduled for a preliminary hearing . . . on July 15, 2021"); Certification, filed 6/9/21. Docket 7445 remained scheduled for trial.

Both matters proceeded on July 15, 2021, before a single Common Pleas Court judge. The Commonwealth's only witness was Daniel Taylor, the victim

at Docket 7445. The trial court noted, "We are at a preliminary hearing." N.T., Preliminary Hearing, 7/15/21, at 9-10.

During argument, defense counsel argued that since the Commonwealth only certified docket 7444-2021 for a preliminary hearing, the court should find Redanauer not guilty on the remaining docket associated with Taylor. *Id.* at 26. He argued that since the Commonwealth did not file a certification of a jury trial for Docket 7445, it remained a trial and therefore the Commonwealth did not meet its burden of proving guilt beyond a reasonable doubt. *Id.* at 27. He then argued that if the court found Redanauer not guilty at docket 7445, then "jeopardy is attached and prosecution is barred on [7]444." *Id.*

The Commonwealth argued that joinder was automatic and therefore when it filed a certification at Docket 7444 it included Docket 7445. *Id.* at 29. It also argued that a trial never commenced because "the defense did not waive arraignment and enter a plea of not guilty[.]" *Id.*

The court determined that at Docket 7444, the Commonwealth failed to establish a *prima facie* case. *See id.* at 31 (court stating "a *prima facie* case was never established" at Docket 7444); Trial Disposition and Dismissal Form, Docket 7444. It also found Redanauer was not guilty as to docket 7444, "because double jeopardy, which attached when the trial was held 7445-2021." N.T., Preliminary Hearing at 32.; Disposition and Dismissal Form, Docket 7445.

The Commonwealth appealed to this Court, alleging that the trial court erred by treating the preliminary hearing at Docket 7445 as a trial. We

quashed the appeal, finding that the Commonwealth could not appeal from a not guilty verdict. **See Commonwealth v. Redanauer**, 307 A.3d 767 (Pa.Super. 2023) (*en banc*). The Commonwealth filed a petition for allowance of appeal, which our Supreme Court granted. On July 1, 2024, our Supreme Court reversed this Court's decision as to both dockets and remanded to this Court with instructions "to remand to the Court of Common Pleas to determine whether the Commonwealth established a *prima facie* case on MC-51-CR-0007445-2021." **Redanauer**, ___ A.3d ____, 2024 WL 3248685, at *1.

In line with this instruction, we vacate the order of the trial court and remand this case for the Court of Common Pleas to determine whether the Commonwealth established a *prima facie* case at Docket 7445. **See** N.T. at 9-10 ("We are at a preliminary hearing."); **Commonwealth v. Hetherington**, 331 A.2d 205, 208 (Pa. 1975) ("[a] finding . . . that the Commonwealth has failed to establish a *prima facie* case is not a final determination, such as an acquittal, and only entitles the accused to his liberty for the present, leaving him subject to rearrest"); **Commonwealth v. Bronson**, 393 A.2d 453, 454 (Pa. 1978) ("claim of double jeopardy must fail if . . . jeopardy never attached"). We do not at this juncture address Docket 7444, in conformity with the specific instructions of our Supreme Court. We leave the disposition of that docket in the first instance to the trial court, with the benefit of advocacy from the parties.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

President Judge Panella, Judge Dubow, Judge Kunselman and Judge Murray join the Opinion.

Judge Bowes files a Concurring/Dissenting Opinion in which Judge Olson and Judge King join.

Judge McCaffery did not participate in the consideration or decision of this Opinion.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/22/2024