J-E02002-23

2024 PA Super 243

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT REDANAUER | : | No. 1631 EDA 2021 |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0007444-2021,
MC-51-CR-0007445-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT REDANAUER | : | No. 1632 EDA 2021 |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0007444-2021,
MC-51-CR-0007445-2021

BEFORE: PANELLA, P.J., BOWES, J., OLSON, J., DUBOW, J., KUNSELMAN, J., MURRAY, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

CONCURRING AND DISSENTING OPINION BY BOWES, J.:

**FILED OCTOBER 22, 2024**

This matter returns to us following our Supreme Court's reversal of the majority's decision quashing the Commonwealth's appeals from the orders purportedly acquitting Redanauer. ***See Commonwealth v. Redanauer***, 307

A.3d 767 (Pa.Super. 2023) (*en banc*), *reversed by* **Commonwealth v. Redanauer**, ___ A.3d ___, 2024 WL 3248685 (Pa. July 1, 2024) (*per curiam* order). This author dissented from that earlier decision, opining that the trial court lacked the power to acquit Redanauer after what had amounted to only a preliminary hearing; and concluding that this matter should have been vacated and remanded instead of quashed. **Id**. at 771-75 (Bowes, J., dissenting). Reaching the same conclusion, in a *per curiam* order, the High Court has directed this Court to do what ought to have been done in the first place, *i.e.*, remand to the trial court to comply with its duties following a preliminary hearing. **See Redanauer**, 2024 WL 3248685.[1] Accordingly, I fully join my esteemed colleagues in remanding this matter to the trial court to determine whether the Commonwealth proved a *prima facie* case at Docket

_____

[1] The *per curiam* order provides, in full:

> **AND NOW**, this 1st day of July, 2024, we **GRANT** the Petition for Allowance of Appeal, **REVERSE** the decision of the Superior Court quashing the Commonwealth's appeal, and **REMAND** to the Superior Court with instructions to remand to the Court of Common Pleas to determine whether the Commonwealth established a *prima facie* case on MC-51-CR-0007445-2021. **See** N.T. 7/15/2021 at 9 ("We are at a preliminary hearing."); **Commonwealth v. Hetherington**, 460 Pa. 17, 331 A.2d 205, 208 (1975) ("[a] finding ... that the Commonwealth has failed to establish a *prima facie* case is not a final determination, such as an acquittal, and only entitles the accused to his liberty for the present, leaving him subject to rearrest"); **Commonwealth v. Bronson**, 482 Pa. 207, 393 A.2d 453, 454 (1978) ("claim of double jeopardy must fail if . . . jeopardy never attached").

**Commonwealth v. Redanauer**, ___ A.3d ___, 2024 WL 3248685, at *1 (Pa. July 1, 2024) (*per curiam* order).

7445. However, when followed to its only logical conclusion, the Supreme Court's remand also demands that the acquittal at Docket 7444 be vacated as well. Since the majority permits this invalid acquittal to stand, I must respectfully dissent.

Preliminarily, I reiterate the salient portions of the history previously set forth in my dissent:

Redanauer was charged by a single criminal complaint based upon an incident where he allegedly brandished a firearm and threatened the children of his paramour, one of whom was a minor and the other an adult. In line with the practice of Philadelphia's Preliminary Arraignment System, the complainants were assigned separate municipal court docket numbers: [Docket] 7444 for the minor victim, and [Docket] 7445 for the adult victim. Notably, each docket listed the other under "consolidated defendant cases." Criminal Docket for Case 7444, at 1 (capitalization omitted); Criminal Docket for Case 7445, at 1 (same).

Both dockets were listed for trial in the Philadelphia Municipal Court on July 15, 2021. Thereafter, the Commonwealth filed a request at the lead docket number, [Docket] 7444, for the matter to be re-listed as a preliminary hearing so that it could exercise its right to a jury trial based upon one of the victims in the matter being a juvenile. By order, the president judge granted the request for the matter to be scheduled for a preliminary hearing on July 15, 2021.

While both dockets technically remained listed for trial, in accordance with the order, a preliminary hearing was held before the Honorable James Murray Lynn as to both dockets on July 15, 2021. At the hearing, the Commonwealth's sole witness was Daniel Taylor, the adult victim at [Docket] 7445 and a witness for the charges filed at [Docket] 7444. The caption on the transcript of the proceeding [plainly] identified it as a preliminary hearing for both dockets. Indeed, the conduct of all involved clearly indicated that everyone understood the proceeding to be a preliminary hearing for both [Docket] 7444 and [Docket] 7445.

. . . .

> At the conclusion of the hearing, Judge Lynn purported to acquit Redanauer at both dockets. He ruled that a trial had been held at Docket 7445 and found Redanauer not guilty. As for [Docket] 7444, Judge Lynn found Redanauer not guilty because a *prima facie* case had not been established and double jeopardy had attached due to the acquittal at [Docket] 7445.

*Redanauer*, 307 A.3d at 771-72 (Bowes, J., dissenting).

Although not elaborated upon in our High Court's *per curiam* order, it is apparent that the Court reversed our *en banc* decision quashing the appeal because the July 15, 2021, hearing was a preliminary hearing as to both Docket 7444 and Docket 7445. Our Supreme Court has explained:

> [T]he principal function of a preliminary hearing is to protect an individual's right against an unlawful arrest and detention, and that the Commonwealth bears the burden at the preliminary hearing of establishing a *prima facie* case that a crime has been committed and that the accused is probably the one who committed it. The evidence supporting a *prima facie* case need not establish the defendant's guilt beyond a reasonable doubt, but must only demonstrate that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to proceed to a jury. The Commonwealth establishes a *prima facie* case where it produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense.

*Commonwealth v. Montgomery*, 234 A.3d 523, 533 (Pa. 2020) (cleaned up). "At the preliminary hearing, the issuing authority shall determine from the evidence presented whether there is a *prima facie* case that (1) an offense has been committed and (2) the defendant has committed it." Pa.R.Crim.P. 542(D). Rule 543 of our Rules of Criminal Procedure further provides, in pertinent part:

(B) If the issuing authority finds that the Commonwealth has established a *prima facie* case that an offense has been committed and the defendant has committed it, the issuing authority shall hold the defendant for court on the offense(s) on which the Commonwealth established a *prima facie* case. If there is no offense for which a *prima facie* case has been established, the issuing authority shall discharge the defendant.

. . . .

(E) If the Commonwealth does not establish a *prima facie* case of the defendant's guilt, and no application for a continuance is made and there is no reason for a continuance, the issuing authority shall dismiss the complaint.

Pa.R.Crim.P. 543.

Stated simply, the trial court's sole task at the preliminary hearing held on July 15, 2021, was to determine whether the Commonwealth adduced sufficient evidence to make out a *prima facie* case as to Docket 7444 and Docket 7445. After making that determination, it could either hold the matter over for court or dismiss the complaint. The trial court lacked the power to acquit Redanauer following a preliminary hearing, and it could not *sua sponte* transform the hearing into a trial. **See Domus, Inc. v. Signature Bldg. Sys. of PA, LLC**, 252 A.3d 628, 636 (Pa. 2021) (cleaned up) (defining "power" as "the ability of a decision-making body to order or effect a certain result"); **Commonwealth v. Santiago**, 270 A.3d 512, 519-20 (Pa.Super. 2022) (holding that guilty plea and resulting judgment of sentence were legal nullities because magisterial district judge lacked jurisdiction to convert the preliminary hearing into a guilty plea hearing as to the summary charges where the original felony and misdemeanor charges had not been properly

withdrawn). Therefore, it is undisputed at this point that we must vacate the order entered at Docket 7445.

However, despite the Supreme Court's *per curiam* order directly addressing only Docket 7445, Docket 7444 remains at issue in this case. The petition for allowance of appeal was granted as to both docket numbers, and I cannot ignore the fact that the trial court impermissibly acquitted Appellee on Docket 7444 as well. Specifically, since the acquittal at Docket 7445 was a legal nullity, double jeopardy could not attach and could not form the basis for an acquittal at Docket 7444. **See Commonwealth v. Davis**, 242 A.3d 923, 936-37 (Pa.Super. 2020) (concluding that Davis's "convictions constitute[d] a legal nullity and, as such, are unworthy of preclusive effect under the . . . principles of double jeopardy"). I believe that the Supreme Court presumed that we would address and correct that problematic acquittal as well and pointed the way when it referenced "**Commonwealth v. Bronson**, 482 Pa. 207, 393 A.2d 453, 454 (1978) ('claim of double jeopardy must fail if . . . jeopardy never attached')" in its per curiam order. **See Redanauer**, 2024 WL 3248685.

Yet on remand the Majority permits the acquittal at Docket 7444 to remain intact and inexplicably "leave[s] the disposition of that docket in the first instance to the trial court, with the benefit of advocacy from the parties." Majority at 4. It is unclear under what authority a trial court could *sua sponte* vacate a not guilty verdict upon remand after it has been subject to appellate review and permitted to stand. Indeed, the court could not have altered the

verdict prior to the instant appeals, even if it had caught its error within days of its entry. As the High Court recently reiterated:

> There are circumstances in which a court has the power to remedy certain types of verdict errors after some time has passed, but the burden for justifying such an action is very high. In "extremely exceptional cases," a court can fix patent and obvious clerical errors, or an error that occurs when transcribing the verdict, but such cases "must be approached with caution."

***Commonwealth v. Chambers***, 310 A.3d 76, 90 (Pa. 2024) (footnote omitted). More specifically, the Court clarified that "a court can amend or modify a rendered verdict only in 'extremely exceptional cases' when the verdict does not reflect the 'obvious intention' of the fact-finder." ***Id***. at 91 (footnotes omitted).

Here, the acquittal was neither a clerical nor transcription error, but rather accurately reflected the intention of the trial court as fact-finder. Were we to leave the verdict at Docket 7444 intact, the trial court would have no ability to disturb it. ***Id***. at 94 (determining trial court lacked authority to reform verdict where not guilty verdicts rendered by trial judge were final, the Commonwealth could neither appeal the acquittals nor retry the defendant on those charges, and the court lacked the authority to *sua sponte* reverse them).

As noted, the Supreme Court's order in this matter vacates the acquittal order at Docket 7445. Without that acquittal, double jeopardy could not attach at Docket 7444. Therefore, construing the Supreme Court's order in the context of the entirety of this case, we must also vacate the acquittal order at Docket 7444.

Having clarified why the disposition ordered by the Supreme Court is demanded by our jurisprudence, and why the acquittal at Docket 7444 may not stand, it is incumbent upon this learned body to provide direction for the remand as to each docket.  First, the trial court should dismiss the complaint at Docket 7444 pursuant to Rule 543(E) because the trial court concluded, prior to pronouncing an acquittal based upon double jeopardy grounds, that the Commonwealth failed to meet its *prima facie* burden during the preliminary hearing as to that docket.  As for Docket 7445, the court must determine whether the Commonwealth presented a *prima facie* case for those charges during the July 15, 2021 preliminary hearing.  Should it find that the Commonwealth failed to meet this standard, the court is obligated to discharge Redanauer and dismiss the complaint.[2]  It may not acquit him.

_____

[2]  Of course, the Commonwealth has the option to reinstitute the charges at Docket 7444 or 7445 pursuant to Pa.R.Crim.P. 544, which provides as follows:

(A) When charges are dismissed or withdrawn at, or prior to, a preliminary hearing, or when a grand jury declines to indict and the complaint is dismissed, the attorney for the Commonwealth may reinstitute the charges by approving, in writing, the re-filing of a complaint with the issuing authority who dismissed or permitted the withdrawal of the charges.

(B) Following the re-filing of a complaint pursuant to paragraph (A), if the attorney for the Commonwealth determines that the preliminary hearing should be conducted by a different issuing authority, the attorney shall file a Rule 132 motion with the clerk of courts requesting that the president judge, or a judge designated by the president judge, assign a different issuing authority to conduct the preliminary hearing.  The motion shall set forth the reasons for requesting a different issuing authority.

Pa.R.Crim.P. 544.

However, if the court determines that the Commonwealth sustained its low evidentiary burden, the matter at Docket 7445 should proceed to trial.

Judge Olson and Judge King join this Concurring and Dissenting Opinion.

Judge McCaffery did not participate in the consideration or decision of this Concurring and Dissenting Opinion.